## John R. Jacobs v. Mary Michel.

### Gen. No. 13,482.

LICENSEE—*duty of owner of premises to.*  The owner of land and buildings assumes no duty as to one who is on his premises by permission only and as a mere licensee, except that he will refrain from wilful or affirmative acts which are injurious.

Action in case for personal injuries.  Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the March term, 1907.  Reversed.  Opinion filed November 11, 1907.

**Statement by the Court.**  This is a writ of error sued out under the Municipal Court Act to reverse a judgment entered by a judge of that court, sitting without a jury, in a case of the fifth class, on January 21, 1907.

The plaintiff in the Municipal Court is the defendant in error here.  She sued the plaintiff in error, Jacobs, in the Municipal Court, stating her claim in the bill of particulars thus:  ''For damages sustained as a result of a fall which occurred on defendant's premises and by reason of the negligence of said defendant to keep the said premises in safe condition and in good repair, especially failing to keep railing in good repair and condition.''

The court found the defendant guilty, assessed the plaintiff's damages at $350, and gave judgment for that amount.

ORRIN P. GOODE, for plaintiff in error.

STEDMAN & SOELKE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This judgment must be reversed.

The defendant in error justifies it upon the ground that the evidence showed an invitation by the plaintiff

in error to her to use the stairs on which was the railing, which gave way when she leaned upon it. Irrespective of any question of the weight of the conflicting evidence, or of the question of contributory negligence—both of which are raised by the plaintiff in error—we think that taking the defendant in error's evidence by itself, and giving it the fullest credence, it showed her at the very best to be a bare licensee—with some doubt as to whether she even reaches that classification.

The following statement seems to be the effect of her evidence: 607 and 609 Sheffield avenue are two distinct flat buildings. The plaintiff lived in 607 and had lived there for four years before this accident. She had never used any portion of the building 609 Sheffield avenue, or its appurtenances, up to the time of the accident.

The two buildings were connected in the rear by a bridge between stairs which connected platforms for drying clothes and similar purposes appurtenant to the different flats in the respective buildings. This bridge seems to have been completely surrounded with a railing. In June, 1906, the second flat of 609, with the platform appurtenant thereto, on which the clothes of its tenant could be hung out to dry, was occupied by a tenant of Mr. Jacobs. The plaintiff was also a tenant of Mr. Jacobs, and the flat in which she lived in 607 had a platform appurtenant to it on which she could and did hang out her clothes. But in June, 1906, having occasion to wash some blankets, she found her platform or "roof," as she calls it, too small, and asked Mr. Jacobs to put up a pulley for her (she to furnish the pulley and the rope) attached to the "roof" of 609. He replied, "Can't you use the roof over there?" to which she gave a decided negative, saying she wouldn't use "that roof" as long as the party occupying the second flat was there. Mr. Jacobs did not put up the pulley, and all communication between the parties in relation to the matter

ended then and there. But on the eleventh of October, 1906, the tenant in the second flat of 609 had moved out, and apparently Mr. Jacobs himself had taken the actual possession of said flat. Mrs. Michel had another big wash, and thought it would be convenient to use the platform appurtenant to that flat in addition to the one appurtenant to her own to hang out her clothes.

Without further communication with anybody, but relying, as she says, on the conversation of the preceding June, before detailed, she took a basket of clothes and stepping over the railing at both ends of the bridge went up to the "platform," "roof" or "stoop" appurtenant to the second flat of 609. When she reached there she felt faint and leaned against the scantling that protected the platform as a railing. It gave way and she fell to the ground and was injured.

At the very utmost, this state of things gave her no right beyond that of a mere licensee on the premises in the rear of 609.

"The owner of land and buildings assumes no duty as to one who is on his premises by permission only and as a mere licensee, except that he will refrain from wilful or affirmative acts which are injurious." Gibson v. Leonard, 143 Ill. 182.

The judgment of the Municipal Court is reversed.

*Reversed.*