## Wm. Rousch, Appellee, v. Oblong Gas Company, Incorporated, Appellant.

1. NEGLIGENCE—*when one entering private road is licensee.* Where a person, operating a traction engine, enters a private road with the permission of the tenant of the land, but without permission of the owner or a lessee of the gas and oil rights, he is a licensee.

2. CONTRIBUTORY NEGLIGENCE—*when licensee cannot recover damages because guilty of.* A licensee, driving a traction engine over a private road, cannot recover damages caused by the ignition of gas escaping from a pipe line broken by the engine, where the engine was three feet off the road at the place of the accident, and he was attempting to drive through a gate opening at a right angle turn in the road, on a night so dark that a lantern was necessary to point the way through the gate.

Appeal from the Circuit Court of Crawford county; the Hon. Enoch E. Newlin, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of facts. Opinion filed March 10, 1913.

Parker & Crowley, for appellant; L. B. Denning, of counsel.

Bradbury & Gaines and George W. Jones, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

This was a suit brought by appellee against the appellant to recover damages alleged to have been received to his person and property, occasioned by his driving a traction engine over appellant's gas pipe whereby the pipe was crushed, causing gas to escape and enter the fire box of said traction engine where it became ignited and exploded, by means whereof the appellee became and was severely burned upon the face, body and hands, and the said threshing machine was set on fire and completely destroyed.

The material allegations of the declaration are that William Rousch was possessed of a steam traction engine and separator used in threshing grain, with which he entered upon the premises of one Ira Bussard and Jennie Bussard, at the special instance and request of the said Ira Bussard and his tenant, William Mills, for the purpose of threshing wheat belonging to them. The Oblong Gas Company was possessed of and operating a pipe line used in the transportation of natural gas, which said pipe line lay upon the top of the ground at the side of a private driveway upon the land of the said Ira Bussard, and that while passing over and along the said private driveway, the said appellee William Rousch, without notice or knowledge of the said gas pipe line, ran his traction engine upon and over the said gas pipe, crushing the same and causing

the gas to escape and catch fire, resulting in the destruction of said traction engine and separator and personal injury to the said Rousch, and for which he claims damages. The action below was prosecuted against Ira Bussard, Jennie Bussard, and the Oblong Gas Company. The jury found the defendants, Ira Bussard and Jennie Bussard not guilty, but found the defendant, The Oblong Gas Company, guilty and assessed the damages at five hundred dollars. At the close of the appellee's testimony in chief, and again at the close of all the evidence, motions were interposed by the defendant below, appellant here, The Oblong Gas Company, asking the court to direct the jury to return a verdict in favor of the defendants, both of which motions were overruled.

The evidence shows that Bussard had leased the premises to Mills for farming purposes but retained the right to lease them for oil and gas purposes which right he exercised by leasing the same to Lester Adams, who assigned his lease to The Oblong Gas Company and that said company had entered and drilled for and produced and was producing and transporting natural gas from the premises through a two inch pipe line which ran along and about two feet distant from a fence on the east side of a private driveway, and which fence followed the eastern boundary line, running north and south of the Bussard premises.

The evidence further shows that Rousch, the appellee, brought his engine and separator along the public road running east and west in front of the Bussard premises and into the barn yard and entered by taking down a panel of the fence bounding the highway. That appellee did not make arrangements for threshing with Bussard, but made the arrangements with Mills, the tenant, and after he had finished threshing for Mills, and without permission of Mills or Bussard threshed oats of a neighbor, Mr. Huffman, who brought the same on the premises of Mills.

That just about dark on the same evening and after

eating supper furnished by Huffman, on the Mills premises, Rousch pulled his engine and separator out on the public road running east and west in front of the Mills premises, being the same road from which he had entered the premises, and which road ended at the Mills barn lot, and then turned to the right or east, opened a gate, and drove his engine into the Mills barn lot, opened another gate on the other side of the barn lot, and drove through onto a private driveway, on the farm. He then continued east on this private driveway for about a quarter of a mile where the road turned at right angles and ran north and where there was a gate opening, but no gate. In attempting to drive through this gate opening he ran his traction engine onto the pipe line of The Oblong Gas Company, which was about three feet east from the traveled driveway, with the result that the mud lugs on the right rear wheel crushed through the pipe, allowing the gas to escape, which igniting from the engine, destroyed the engine and separator and injured appellee.

The appellee did not ask permission to use this private driveway. It appears from the evidence that the gas pipe was placed under the ground where it passed through the gateway or opening in the fence and was also buried for a distance of about fourteen to eighteen feet on the north and south sides of the said post, and beyond these points in each direction the gas pipe was lying uncovered on the ground at a distance of about two feet from the fence. It further appears that the nearest line of the beaten track of the private driveway, at the point where the accident occurred was three feet from the gas pipe line and five feet from the fence line. In order for the wheels of the traction engine to come in contact with the gas pipe, they would have to extend over and outside of the driveway as theretofore used, a distance of about three feet.

It also appears that it was so dark at the time of

the accident that a boy with a lantern was required to point the way through the gateway.

The evidence shows that appellee was not on the premises at the invitation of either appellant or the Bussards. He was on the farm at the instance of the tenant, Mills, for the specific purpose of threshing grain. In carrying out this purpose he encountered no danger and suffered no injury. It was when he elected to forsake the public road and enter upon a private driveway, without permission or invitation of either appellant or the owners of the farm and without knowing the conditions of the road as to safety and with only the bare permission of the tenant Mills, that his relation to the premises became that of a volunteer or licensee, and his rights and duties were fixed by the legal rules governing the conduct of that class of entrants. "An invitation exists where some benefit accrues or is supposed to accrue to the one who extends the invitation." Northwestern El. R. Co. v. O'Malley, 107 Ill. App. 599. "A person lawfully upon premises by permission of the law, but without the invitation of the owner, is a mere naked licensee, to whom the owner owes no duty other than to refrain from wilful or affirmative acts injurious to him." Eckels v. Maher, 137 Ill. App. 45; Huff v. Wells Fargo & Co., 141 Ill. App. 434; Gibson v. Leonard, 143 Ill. 182.

These legal rules require that a licensee, volunteer, or trespasser is held to assume the risk of an injury thus incurred, outside of such as are inflicted wilfully.

The rule applicable to cases like this was expressed in the case of Sweeney v. Old Colony & N. R. Co., 10 Allen (Mass.) 368, as follows: "A licensee who enters on premises by permission only, without any enticement, allurement or inducement being held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls. He goes there at his own risk and enjoys the license

subject to its concomitant perils. No duty is imposed by law on the owner or occupant to keep the premises in a suitable condition for those who come there solely for their own convenience or pleasure."

While the foregoing rule has received some qualifications it is clearly apparent that this case does not fall within any of the exceptions to the general rule.

When the evidence as to the time, place and manner under which appellee was driving his traction engine when the injury was received is carefully considered, the conclusion necessarily follows, that the plaintiff's injuries resulted from a want of care on his part and his contributory negligence in that regard is a complete bar to a recovery, under the rule of law that the plaintiff in such cases must allege and prove that he was in the exercise of due care for his own safety at the time of the injury complained of.

The judgment of the lower court is therefore re- ·versed.

*Reversed.*

Finding of facts to be incorporated in the judgment: We find that the plaintiff was not in the exercise of due care for his own safety and that of his property at the time of the injury.