**Frances Volluz, Administratrix, Appellee, v. East St. Louis Light & Power Company, Appellant.**

1. NEGLIGENCE, § 23*—*who is mere licensee.* A city fireman who enters, as authorized by law, upon the leased premises of an electric light company for the purpose of ascertaining if there is a fire in the transformer building is a mere licensee and the lessee owes him no duty except not to wilfully injure him.

2. NEGLIGENCE, § 120*—*what must be alleged and proved in action for negligent death of licensee.* In an action to recover for the negligent death of a licensee upon the leased premises of another, in order to recover on a charge of negligence, it is necessary to aver and prove the existence of a duty on the part of defendant to protect plaintiff from the injury of which he complains, a failure of defendant to prevent that injury, and an injury to the plaintiff resulting from such failure.

3. APPEAL AND ERROR, § 1184*—*when declaration not aided by verdict.* Whenever a declaration fails to state a cause of action for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

negligence it is not aided by verdict, and the question may be raised on appeal.

4. NEGLIGENCE, § 120*—*when declaration in action for death of city fireman is insufficient.* A declaration, in an action for the negligent death of a city fireman, due to an electric shock from a chain on the door of a transformer house occupied by defendant on leased ground, while deceased was investigating a fire, which fails to charge that deceased went upon the premises of defendant at its invitation, is insufficient to sustain a judgment for negligence.

5. NEGLIGENCE, § 188*—*when contributory of fireman touching chain on door of electric transformer house shown.* In an action against an electric light and power company to recover for the death of a fireman due to electrocution and caused by his touching a chain locking the door of defendant's transformer house while investigating a fire, evidence *held* to show that deceased was guilty of contributory negligence.

Appeal from the City Court of East St. Louis; the Hon. H. L. BROWNING, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of facts. Opinion filed April 5, 1918.

BARTHEL, FARMER & KLINGEL, for appellant.

T. M. WEBB and D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action on the case was instituted in the City Court of East St. Louis by appellee as administratrix of the estate of her deceased husband, Ohtman Volluz, against appellant to recover damages for injuries resulting in the death of said intestate alleged to have been caused by the negligence of appellant.

The declaration consists of two counts. The first count, in substance, charges that on the 10th day of August, 1914, appellant was possessed of and operating a certain plant for the distribution of electricity in and about the City of East St. Louis for commercial purposes, and was possessed of a certain transformer

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and transformer house as part of its equipment; that it became and was the duty of appellant to use reasonable care that the electricity so furnished and distributed by it was not permitted to escape and come in contact with and charge other objects and buildings with which persons were liable to come in contact; that appellant so negligently and carelessly handled its electricity that the same was permitted to escape from its lines and appliances and to charge a certain transformer building with a heavy and dangerous charge of electricity; and that appellee's intestate in the performance of his duties put his hand upon the lock or a chain attached to the lock on the door of the transformer building for the purpose of entering the same as a fireman, exercising due care and caution for his own safety, when he received a charge of electricity and was electrocuted.

The second or additional count charges that it was the duty of appellant to use reasonable care to provide a certain transformer house possessed by it with sufficient ground wires or appliances by which electricity coming in contact with said transformer house would be carried into the earth; that appellant negligently and carelessly omitted to provide such appliances and that appellee's intestate was injured as above set forth.

To this declaration appellant filed a plea of the general issue and also certain special pleas to which replications were filed. A demurrer to the replications being overruled, appellant elected to stand by its demurrer. A trial was had resulting in a verdict and judgment in favor of appellee for $4,250. To reverse said judgment this appeal is prosecuted.

The record discloses that the appellant, the East St. Louis Light & Power Company, on and prior to August 10, 1914, was engaged in the business of supplying electrical current for light and power purposes in East St. Louis and adjacent territory; that it owned and maintained a transformer house some 18

feet long by 8 feet wide, set on posts or pillars about 2 feet high. This building had a floor and framework of wood and was covered and roofed with corrugated iron. It had one door of iron which was closed and locked with a padlock. At the end of this building was a sign which read: "Danger, 13200 volts." Inside the building was an instrument known as a transformer, its purpose being to transform or "step down" the high voltage or current to a lower voltage to be used for light and power purposes.

On the night of August 10, 1914, there had been a storm accompanied with lightning and rain, and the evidence tends to show that the wire running into the transformer had been struck by lightning and in some way had burned out some of the coils. The watchman employed by the Alfo Corno Milling Company seeing the light in the transformer house sent in a call to the fire department. Fire Company No. 3 responded, of which appellee's intestate was the lieutenant and in charge of on the night in question. On reaching the scene of trouble and observing that it was the transformer, appellee's intestate stated that he would call Phillip Thomas, the assistant captain, which he started to do. In the meantime, however, Thomas came and with appellee's intestate walked around the transformer house to the front when appellee's intestate took hold of the chain or padlock attached to the door of the building and was electrocuted.

Appellant's first contention for a reversal of the judgment in this case is that the declaration and the evidence in support of the same, with all of the inferences reasonably to be drawn therefrom, fails to show the violation of any duty owing by appellant to appellee's intestate. In other words, appellant insists that appellee's intestate in going to said transformer house was at most a licensee, as the call for the fire department was not sent in by appellant but by said Milling Company, and that appellant therefore owed him no

duty other than to refrain from wilfully injuring him. Appellant invokes the rule that a person lawfully upon premises by permission of law, but without the invitation of the owner, is a mere naked licensee, to whom the owner owes no duty other than to refrain from wilful or affirmative acts injurious to him. *Gibson v. Leonard,* 143 Ill. 182; *Eckels v. Maher,* 137 Ill. App. 45; *Huff v. Wells Fargo & Co.,* 141 Ill. App. 434; *Rousch v. Oblong Gas Co.,* 179 Ill. App. 600; *Pauckner v. Wakem,* 231 Ill. 280.

Appellee concedes the law to be as above stated but contends that it is not applicable to the facts stated for the reason that said transformer house is located on premises belonging to said Milling Company and not to appellant. The evidence with reference to the ownership of said premises is to the effect that the Milling Company owned the property but that the premises on which the transformer house was situated was leased to appellant. Frank H. Headen, the manager of said Alfo Corno Milling Company, a witness on behalf of appellee, testified that: "That building (referring to the building inclosing the transformer) was the Power Company's, we had nothing to do with that building." On cross-examination said witness testified: "This transformer house is on land that belongs to the Alfo Corno Mills, but is leased to the light company. The transformer building is about 60 feet from the warehouse, that is, the corner of the office is the closest point; it stands out there in an isolated position." The evidence, therefore, while to the effect that the fee in said premises was in said Milling Company, showed that the possession and control thereof was in the defendant, under a lease from said company. It makes no difference whether the appellant owned the fee in the premises on which the transformer was located or whether it simply held possession and control of said premises under a lease, the law applicable thereto with reference to the liability of appellant on

a charge of negligence of this character would be the same.

The record discloses that no invitation was given by appellant to appellee's intestate to go upon said premises. He was therefore a mere licensee under the law, which gives to firemen, where necessary for the protection of property, the right to go upon the premises of any one even against his will for the purpose of saving such property. Appellee in his brief on page 23 says: "It is urged by counsel, and properly so, under the authorities of this State, that persons going upon the premises of another, under the license created by law, is a mere licensee to whom no duty is required of the owner, except not to wilfully injure him. This is the law in Illinois, and in a number of other States; but we contend that this law is not applicable in this case." Appellee further insists that the averment in his declaration, that the ownership of the property on which the transformer house was located was in the Alfo Corno Milling Company, was admitted by the plea of the general issue. In other words, that before appellee would be required to make proof of that averment, a special plea denying such allegation would have had to have been filed, and, not having been so filed, that question was not an issue in the case. The authorities cited by appellee's counsel do not support his position.

We therefore hold, under the authorities above set forth, that appellee's intestate at the time of the injury was a mere licensee under the law, which gave him the right as a fireman to go upon the premises occupied and controlled by appellant, and that as such licensee appellant owed appellee's intestate no duty other than not to wilfully injure him.

In *Gibson v. Leonard, supra,* the court at page 189 says: "The owner of land and of buildings assumes no duty to one who is on his premises by permission only, and as a mere licensee, except that he will refrain

from wilful or affirmative acts which are injurious. As was said in *Sweeny v. Old Colony & N. R. Co.*, 10 Allen [Mass.] 368: 'A licensee, who enters on premises by permission only, without any enticement, allurement or inducement being held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls. He goes there at his own risk, and enjoys the license subject to its concomitant perils.' * * * A license to enter upon the land and premises of another is not always based on the permission of the owner, it is sometimes given by the law. In Cooley on Torts [2nd Ed.] 313, it is said: 'A third class of licenses comprehends those cases in which the law gives permission to enter a man's premises. This permission has no necessary connection with the owner's interest, and is always given on public grounds. An instance is, where a fire breaks out in a city. Here the public authorities, and even private individuals, may enter upon adjacent premises, as they may find it necessary or convenient, in their efforts to extinguish or to arrest the spread of the flames.' * * * It is the well-settled doctrine that a mere naked license or permission to enter premises does not impose an obligation on the owner or person in possession to provide against the dangers of accident, and it surely cannot detract from the applicability of the rule that the license or permission has its origin in a source other than such owner or person in possession.''

In actions of this character in order to recover on a charge of negligence, it is necessary to aver and prove three elements to make out a cause of action: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains. (2) A failure of the defendant to prevent that injury. (3) An injury to the plaintiff resulting from such failure. *McAndrews v. Chicago, L. S. & E. Ry. Co.*, 222 Ill. 236; *Chicago Union Traction Co. v. Giese,* 229 Ill. 262; *Devaney v. Otis Elevator Co.*, 251 Ill. 33.

The declaration in this case fails to charge that appellee's intestate went upon the premises of appellant at its invitation. Therefore, under the above-mentioned authorities appellant owed no duty except not to wilfully injure him. Appellee, however, contends that this question cannot be raised at this time but should have been raised on demurrer or on motion in arrest of judgment. Whenever a declaration fails to state a cause of action it is not aided by verdict and this question can be raised on an appeal.

In *McAndrews v. Chicago, L. S. & E. Ry. Co., supra,* the court after stating the necessary elements to make a good declaration charging negligence says: "When these three elements concur they unitedly constitute actionable negligence, and the absence of any one of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence, even after verdict or the proof to establish a cause of action involving actionable negligence (*Schueler v. Mueller,* 193 Ill. 402; *Mackey v. Northern Milling Co.,* 210 Ill. 115; *Faris v. Hoberg,* 134 Ind. 269); and it is not sufficient in the declaration to allege that it is the duty of the defendant to do certain things, as that would be but the averment of a conclusion, but the declaration must state facts from which the law will raise the duty." Citing *Ayers v. City of Chicago,* 111 Ill. 406; *Chicago & A. R. Co. v. Clausen,* 173 Ill. 100; *Schueler v. Mueller, supra.*

We therefore hold that the declaration not only failed to state a good cause of action defectively, but that it wholly failed to state a cause of action against the defendant, and that the evidence offered in support thereof was insufficient to render appellant liable, even though the declaration had been sufficient.

The record in this case further tended to show that appellee's intestate prior to and at the time of his injury was not in the exercise of due care for his own safety. There was a sign in front of said transformer

building giving warning of danger, and on the evening in question the evidence is to the effect that the iron covering on the building was heated to the extent that it glowed and showed red. The evidence also is to the effect that appellee's intestate knew that the transformer was highly charged and was dangerous and on account thereof, on his direction, the hose was not unreeled and no effort was made to put out any fire. The evidence also shows that appellant had notified the captain of the fire department not to attempt to put out any fire at the transformer house, but if one occurred to notify appellant and it would look after the same. This was accomplished by cutting off the electric current to said transformer and was so accomplished in the instant case.

The evidence further discloses that said notice was conveyed by said captain to the different engine houses of said fire department, but is conflicting as to whether appellee's intestate received said notice.

The great weight of the evidence therefore is to the effect that appellee's intestate was not in the exercise of due care for his own safety prior to and at the time of his injury.

Other errors were assigned on the record but in view of what we have said it will not be necessary to discuss the same.

For the reasons above set forth the judgment of the trial court will be reversed.

*Reversed with finding of facts.*

Finding of facts. We find as the ultimate facts in this case, to be incorporated by the clerk as a part of the judgment, that the record discloses that appellant was not guilty of any negligence resulting in the injury and death of appellee's intestate, and that appellee's intestate prior to and at the time of the injury was not in the exercise of due care for his safety.