## Mollie Moore, Plaintiff in Error, v. The Ohio Oil Company, Defendant in Error.

1. NEGLIGENCE—*when express allegation of existence of duty on part of defendant not required.* In an action for damages for negligence it is not necessary that the declaration shall in express terms allege that it was the duty of the defendant to do or not to do a particular thing when the facts are alleged in such declaration from which such duty appears.

2. NEGLIGENCE—*liability of landowner for injury to licensee upon premises resulting from owner's affirmative act.* Where a landowner has for some time knowingly permitted licensees to use a well-defined path or roadway across his premises he will be held responsible to such licensees for injury resulting from any affirmative act of such landowner rendering the roadway dangerous, if he has failed to give notice of the changed conditions.

3. NEGLIGENCE—*extent of landowner's duty towards mere licensee.* An owner of land assumes no duty towards one upon the premises by permission, as a mere licensee, except to refrain from wilful or affirmative acts which are injurious to such licensee.

4. NEGLIGENCE—*liability of landowner for injury from wire stretched across private roadway in absence of notice to licensee injured.* Where a landowner has for a considerable period knowingly permitted use of a private road across its premises by persons visiting its employees resident upon such premises, its act in stretching a wire across such roadway was such an affirmative act rendering the use of the premises dangerous as imposed upon it liability for an injury resulting to such licensees, if it failed to give warning of the changed conditions.

5. NEGLIGENCE—*when negligence of landowner stretching wire across roadway upon premises question for jury.* In an action for injury to a licensee resulting from striking a wire stretched across a private roadway, negligence of the landowner held a question for the jury.

6. NEGLIGENCE—*when contributory negligence of licensee injured by wire across private road question for jury.* In an action for injury to a licensee resulting from driving an automobile against a wire stretched across a private driveway, the contributory negligence of the plaintiff held a question for the jury.

Error by plaintiff to the Circuit Court of Lawrence county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court

at the March term, 1926. Reversed and remanded. Opinion filed
July 9, 1926.

SUMNER & LEWIS, for plaintiff in error.

GEE & GEE, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the
court.

In an action to recover for personal injuries plain-
tiff averred, in her declaration, that on October 17,
1924, and for a long time prior thereto defendant was
in possession of a farm upon which it maintained a
house for the use of one of its employees and also a
certain roadway leading from the public highway to
said house; that said roadway had been used for a
long time, with the knowledge of defendant, by all
persons going to and from said house; that on the
day aforesaid defendant wrongfully, carelessly and
negligently stretched a wire cable across said road-
way at a point where it could not be readily seen;
that it wrongfully, carelessly and negligently left the
said wire so stretched as aforesaid without placing
a flag or other signal at or near thereto and without
providing any warning to persons who might have
occasion to use said roadway; that on the day afore-
said plaintiff was riding in an automobile upon the
said roadway on her way to said house to call upon
the wife of defendant's said employee, and while
plaintiff was in the exercise of due care and caution
for her own safety said automobile struck the said
wire and plaintiff's head and right hand were severely
injured and she was otherwise cut, bruised and
wounded. At the close of all the evidence the court
directed a verdict for defendant.

The record discloses that the averments of the
declaration were substantially proven. It further ap-
pears that the only way to reach the house in ques-

tion from the public highway was over the roadway aforesaid. Plaintiff is an aunt of the wife of defendant's employee who lived in the house aforesaid and had frequently visited her niece. In doing so she always used the said roadway as that was the only means of ingress and egress. Defendant's foreman testified that the company built the roadway and kept it in good condition; that it made no attempt to keep people from using the same and that it never objected to people driving over the roadway to visit its employee or for any other purpose.

Defendant insists that plaintiff was a mere licensee to whom it owed no duty other than to refrain from inflicting a wilful injury upon her, and that by reason thereof the court properly directed a verdict in its favor. We cannot agree with that contention. In an action for damages for negligence it is not necessary that the declaration shall allege in express terms that it was the duty of the defendant to do or not to do a particular thing when the facts are alleged in the declaration from which such duty appears. *Ramsay v. Tuthill Building Material Co.*, 295 Ill. 395.

The view founded in natural justice, which has the approval of many courts, is that when a landowner has knowingly permitted licensees to use a well defined path or roadway across his premises for some time he should not by any affirmative act make the roadway more dangerous for such licensees without giving them notice of the changed conditions, and if he fails to give notice of the fact that he has made the way more dangerous he will be held to respond in damages for the resulting injury. 20 A. L. R. 202, note; *Corby v. Hill*, 4 C. B. N. S. 556; *Morrison v. Carpenter*, 179 Mich. 207, 146 N. W. 106; *Sage's Adm'r v. Creech Coal Co.*, 194 Ky. 415, 240 S. W. 42; *John v. Reick-McJunkin Dairy Co.*, 281 Pa. St. 543, 127 Atl. 143.

Where the public has been accustomed to travel a

well defined road across one's land, he is liable to a licensee for personal injuries occasioned by a wire or rope stretched across the road if he has given no warning of the changed condition. *Morrow v. Sweeney,* 10 Ind. App. 626, 38 N. E. 187; *Carskaddon v. Mills,* 5 Ind. App. 22, 31 N. E. 559; *Nashville, C. & St. L. Ry. v. Blackwell,* 201 Ala. 657, 79 So. 129; *Holliday v. Hewitt,* 15 N. S. W. St. Rep. 257, 8 British Ruling Cas. 573.

The courts of this State have frequently said that the owner of land assumes no duty to one who is on his premises by permission, as a mere licensee, except that he will refrain from wilful or affirmative acts which are injurious. *Gibson v. Leonard,* 143 Ill. 182; *Eckels v. Maher,* 137 Ill. App. 45; *Jacobs v. Michel,* 137 Ill. App. 221; *Rousch v. Oblong Gas Co.,* 179 Ill. App. 600-604; *Volluz v. East St. Louis L. & P. Co.,* 210 Ill. App. 565-569. So far as we are advised they have never had occasion to consider what "affirmative acts" would be sufficient to impose a liability upon the landowner. We are of the opinion that when defendant stretched the wire across the roadway without giving any warning of the changed condition it was such an affirmative act as would create a liability to one who was thereby injured while in the exercise of due care.

Defendant contends that the court properly directed a verdict because the evidence failed to show that it was guilty of negligence. In the state of the proof and the law as we understand it, the question of negligence was a question of fact for the jury.

Defendant contends, also, that the peremptory instruction was proper because plaintiff was guilty of contributory negligence. There was some evidence that one of defendant's servants attempted to warn the plaintiff but in view of all the evidence the court was not warranted in assuming, as a matter of law,

that plaintiff was guilty of contributory negligence. That question should be submitted to the jury.

For the reasons aforesaid the judgment is reversed and the cause remanded.

*Reversed and remanded.*