(No. 4812—

EDITH BURRIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1963.*

SORLING, CATRON AND HARDIN, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

283

283

FEARER, J.

Claimant, Edith Burris, age 59 years, brings this action to recover $10,000.00 in damages for injuries to her person, which she sustained on March 2, 1956, in a fall in the State Capitol Building, Springfield, Illinois, while she was attending a public function celebrating the 75th Anniversary of the American Red Cross. The function was under the sponsorship of the American Red Cross, and claimant at said time was a "Gray Lady."

A platform was erected for the purpose of seating certain State Dignitaries, including the Governor. It was also built for the purpose of placing the large birthday cake thereon, which was to be officially cut by the Governor of the State of Illinois at said time. The platform was erected in the rotunda of the State Capitol Building, with the permission of the State of Illinois, by a contractor, who erected said platform and steps leading thereto for the American Red Cross. It does not appear that this was done under the supervision and direction of an agent for the Department of Grounds and Buildings. At the time James Walsh was superintendent for said department.

The accident occurred at approximately 1:30 P.M. after the ceremonies had taken place. Claimant, who had been sitting on the platform, and, having descended the three steps, walked around said platform in a group of people on her way to receive refreshments being served,

testified that she struck her ankle against the corner of the steps, which caused her to fall.

Claimant was assisted to the first aid department, which is maintained by the Department of Public Health, and was under the supervision of a registered nurse by the name of Norma Chambers. The nurse noted that she had an abrasion on the lower part of her right leg, and that she experienced some discomfort in her right ankle, but at said time she made no complaints as to other injuries, which she is now contending she received by running into said step.

She was advised by the nurse to consult with her own physician, and, in response thereto, stated, ''that she didn't want to go to see Dr. Richard Allyn, because he had been treating her for a heart ailment, and didn't want her to be out at the time.'' The nurse in attendance did not notice any swelling or bleeding in or about her mouth or lips, nor did she notice or observe any other injuries other than the abrasion to her right leg, and the subjective complaint of discomfort in her right ankle.

Claimant did not call or produce any medical testimony at the trial. She testified as to her injuries, which are as follows: Injury to her right instep, right ankle, mouth and jaw, broken dentures, and broken eye glasses, which fell to the floor and were stepped on by someone in attendance at the ceremony.

Exhibits Nos. 1 to 8, inc., were offered, and certain objections were made thereto by the Attorney General representing respondent for the reason that there was insufficient testimony and remoteness of dates of the bills, so that it could be determined that the bills were the outgrowth of, and had any causal connection with the injuries complained of.

We find that there is a great discrepancy in the dates when the services were performed in relation to the date of the injury, and there is an absence of any causal connection between the injuries and the exhibits.

In the Commissioner's Report, it is noted, which is borne out by the evidence, being solely her testimony, that she failed to go to see her own doctor whom she had been consulting in regard to her heart ailment. She did consult a Dr. F. N. Brill the next day for treatment, and some four months later she obtained eye glasses; and then, almost eight months later, she had repairs to her dentures, and eleven months later she was hospitalized. A cancelled check in the amount of $150.00 was offered in evidence, which was dated some year and three months after the accident.

No other witnesses testified on behalf of claimant. A unique piece of evidence was offered, namely, answers to certain interrogatories propounded to a Mr. Robert H. Schuelke, who at said time resided in Kansas City, Kansas, and who apparently was at the time of the accident in some way connected with the American Red Cross, and apparently was responsible for being granted permission to have the platform and steps in question erected in the rotunda.

The answers to the interrogatories cannot be considered for the reason that notices were not served on the Attorney General in accordance with the statute for the taking of evidentiary depositions, either oral or written interrogatories, namely Chap. 110, Sec. 101.19-7. Such evidence produced, which was objected to, would not give the Attorney General an opportunity of cross-examination.

Claimant is contending that she was an invitee of respondent, that the steps she struck were negligently

constructed, that they were constructed by respondent's agent, and that, therefore, respondent is liable in damages for the alleged injuries, which she testified to.

As to the question of whether or not she was an invitee of respondent, she has not maintained the burden of proving this. We find that she has failed to maintain this burden of proof, and that she was a mere licensee, the distinction being that one, who is a mere visitor on the premises of another, is a licensee, while one, who is an invitee, is brought upon the premises of another where business is being conducted, and is invited upon the premises for the purpose of conducting business, there being a common interest or mutual advantage to be obtained from the visit. In the case of the licensee, which we believe was the situation in this case, her visit in the State Capitol was for her mere pleasure or benefit.

The fact that the Department of Public Works and Buildings might have permitted the American Red Cross to have erected in the rotunda a platform and steps leading thereto, and permitted the American Red Cross to have their 75th Anniversary observance there is a mere passive acquiescence by the State officials in the use of its property, which would not make in effect, legal or otherwise, claimant an invitee.

In the case of an invitee proof of ordinary negligence is necessary. In the case of a licensee the burden of proof is upon claimant to prove respondent guilty of wilful and wanton misconduct.

From the only competent evidence produced at the trial, we cannot by any stretch of the imagination conceive of how there could be any responsibility on respondent for the injuries, which claimant is seeking to recover.

In the first place, it appears, and this is uncontradicted, that claimant was advised by her treating physician not to go out into the public because of her heart condition. It could have been that this pre-existing condition caused her to fall. At least there was no testimony offered by anyone for claimant in rebuttal to the testimony of the nurse in this regard.

Secondly, she was aware of the location of the platform, the steps leading to the platform, and there was no evidence that this was located in an area, which was not well lighted. In fact, it is common knowledge that in the daytime the rotunda is light, and there is no evidence of any flaw in the floor or anything surrounding the platform, which would cause her to fall.

Thirdly, this was not a function of respondent, but of an organization of which claimant was a part of, in that she was a "Gray Lady." In fact, we cannot see wherein claimant has established her case by a preponderance or greater weight of the evidence that she was free from negligence, and that respondent was guilty of negligence, which was the proximate cause of the accident resulting in her injuries.

The State of Illinois is not an insurer of everyone entering the State Capitol.

Therefore, an award to claimant must be and is hereby denied.