(No. 4953-

ELIZABETH ANN MURRAY, a Minor, by her next friend, ELIZABETH MURRAY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1963.*

J. D. QUARANT, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

PERLIN, C. J.

This action is brought in behalf of Elizabeth Ann Murray, a Minor, for $25,000.00 for damages incurred

because of personal injuries sustained on July 3, 1960, when she was walking in Cave-in-Rock State Park in Hardin County, Illinois.

Claimant alleges that the pathway upon which she was walking gave way, and plunged her to the floor of a cave, some 35 or 40 feet below the level of the path. This was her first visit to the park, and the accident occurred about 25 minutes after her arrival. Claimant was 14 years old at the time of the accident. She was following her girl friend up the path, which was about 18 inches wide, and was "right behind her." Claimant, who was not aware of the location of the cave, testified that she was on the path when she fell.

Claimant contends that respondent was negligent in that, "having notice and knowledge of a pre-existing condition", it neglected to do anything about it. "Also, it built flagstone walks and pathways alongside this opening, a picnic area with tables just 300 feet away, on the same gradient level, accessible to motor vehicles, impliedly inviting the public to this particular area of the park."

Floyd Angleton, Custodian of the Cave-in-Rock State Park, described the scene of the accident as follows: A gravel path about 18 or 20 inches wide on a high hill, about 3 feet from the hole into which claimant tumbled. The hole is about 15 feet long and about 8 feet wide. There is brush along the path and above the path, and vegetation all around the hole. There is a place where the path leaves a flagstone walk, and goes to the opening where claimant fell. The path is maintained by the State, and material is put on it to keep it from getting muddy.

When asked whether the hole was visible to a person walking on the path the morning of the accident, Angleton replied: "It is visible to me. I don't know about

other people, but it is to me." Angleton also stated that "in some places the pathway was pretty close to the hole." There are picnic tables about 300 feet north of the hole, and "everybody picnics there."

Angleton further testified that the previous custodian, Joe Garland, had poles placed at the opening in question for protection, but that they were torn down. On the date of this accident, there was no fixed fence at the opening, and Angleton knew of no signs in the park warning people of the opening or of dangerous holes there.

Clyde Flynn, Jr., who lives near Cave-in-Rock State Park, and is familiar with the area, testified that there are many caves and openings in the park, but only one has a grill over it. There are no guards or fences around the other openings, nor are there warning signs. He had talked to several State employees, including Custodians Angleton and Garland, about the dangerous conditions. Flynn further stated that "this particular cave, with which you are concerned, is not more than 3 or 4 feet from the path."

Clyde Kaylor, a former employee of the State at this park, testified he was familiar with the area in question. He had never noticed any barricades, warning signs, or notices as far as "this particular opening" or any other opening in the park area, although in one place in the main cave there is a rock wall around it, and a heavy wire screen over it. The nearest part of the hole, through which claimant fell, is several feet from the flagstone walk. There is a well-defined path leading from the flagstone walk, used by the public to go around the hole. He often mentioned to Mr. Garland that there ought to be some precaution not only at that hole, but at the whole bluff. He further testified that there are trees growing around this opening, which could tend to obstruct the

view of a person approaching the opening along the pathway.

Claimant has submitted an affidavit of Bernard Kaegi, who was Custodian of Cave-in-Rock State Park on or about May 12, 1960. Kaegi's affidavit stated that on or about that date a Leo Flynn fell into the same cave opening into which claimant, Elizabeth Ann Murray, fell.

Respondent argues that the State is not an insurer of the safety of users of State property, and was not negligent under the facts of this case, and that the "negligence of Elizabeth Ann Murray in stepping off of a well-defined path was the proximate cause of her injury."

It is the opinion of this Court that claimant has not been proven to be contributorily negligent. Respondent has presented no evidence, which would tend to show that claimant was acting other than with due care for her safety, or that she in fact left the "well-defined" path. The path in question was near a popular picinc area maintained by respondent. It ran dangerously close to the hole into which claimant tumbled. Although the hole was obscured by trees and other vegetation, there were no warning signs or barricades. A reasonable person, unfamiliar with the area, could not have foreseen such peril.

That respondent had notice of the danger is demonstrated by the previous attempts to erect guard posts, as indicated by the testimony of witnesses, who had reported the hazards of that hole and other danger points in the park to State officials long before this accident occurred, and by its knowledge of at least one prior accident in the same opening.

The State owes a duty to the public to exercise reasonable care in establishing, maintaining and supervising its parks. *Kamin* vs. *State of Illinois*, 21 C.C.R. 467,

473; *Stedman* vs. *State of Illinois*, 22 C.C.R. 446, 448. Respondent was negligent in failing to maintain adequate signs or barricades warning of the danger, which was known by it to exist long prior to the happening of this occurrence.

The remaining question concerns the extent of damages incurred by claimant as a result of this accident. Claimant's mother, Elizabeth Murray, testified that, up to the time of the hearing on June 9, 1961, claimant had been unable to attend school because of her injuries. She was a graduate of the eighth grade and an honor student. Claimant could not climb stairs, which allegedly necessitated the family's moving from their third floor apartment to another on a first floor.

According to Drs. Albert Goldstein and John R. Duffy, who treated claimant, her injuries included head and facial injuries, multiple scalp and other lacerations, concussions and abrasions, a complete fracture to the left pelvic area, leaving the pelvis asymmetrical in shape, a deformity to the sacroiliac junction, damage to the left acetabulum, a tilted pelvis, ½ inch high on the left side, and one leg ½ inch shorter, bladder damage with subsequent incontinence, paralitic ileus, injuries to the soft tissue of the abdomen and accompanying menstrual abnormalities. Dr. Goldstein testified that plaintiff will be able to walk, although he could not state whether or not she will be able to run. Dr. Duffy testified that she could be in pain after walking, and Dr. Goldstein indicated that in the future she might experience pain in walking, engaging in activities and sports, and climbing stairs.

The doctors further testified that, as a result of her injuries, claimant will probably have difficulty in the termination of pregnancy. Up to the time of the hearing the amounts for medical care and treatment for claimant totalled approximately $1,525.00.

This Court is of the opinion that claimant has suffered substantial damage, and she is hereby awarded the sum of $15,000.00.