(No. 5176-

HARRY DUMERMUTH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 17, 1966.*

McCONNELL, KENNEDY, McCONNELL AND MORRIS, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

This is an action brought by claimant, Harry Dumermuth, against respondent, State of Illinois, to recover damages for personal injuries, which he sustained on November

8, 1963, when he fell into a concrete drainage culvert or ditch at the Dixon Springs State Park, Pope County, Illinois.

Claimant charges in his complaint filed herein that his fall and resulting injuries were caused by the negligent and careless maintenance of this particular drainage ditch, and contends that respondent was negligent in failing to warn claimant of the existence of the ditch, failing to provide proper and adequate lighting in and around the area where claimant fell, and failing to provide a guard rail or warning sign around the hole or ditch into which claimant fell.

The facts concerning the happening of the accident, as shown by the evidence, are as follows:

On November 8, 1963, claimant went by car to the lodge at the Dixon Springs State Park for the purpose of registering for a deer hunting permit. Claimant arrived at the Park at approximately 5:00 A.M. Because of the number of hunters already there, he had to park his car about one-half mile from the lodge. He walked approximately one-third of a mile down the road toward the lodge, and then entered the Park. He left the road to take his place in a double line of hunters seeking permits. Claimant remained in this line five and one-half hours to register. The area and road in front of the lodge where he registered were crowded with people watching the deer that had been killed being checked in at a check-in point, which was located in front of the steps leading from the lodge to the road.

After registering, claimant decided to return to his motel for lunch. Because of the crowd of hunters surrounding the weighing scale in the road in front of the building, claimant did not try to enter the road at that point, but retraced his route over the Park grounds.

Claimant returned to the Park at approximately 3:00 P.M. The road was completely filled on both sides with

parked cars so he parked in approximately the same location as in the morning, and took the same route to the building, not walking up the road, but walking over the grounds in the Park. About 6:00 that evening, there were still seventy or more numbers ahead of his for hunting permits. He decided to go home and return in the morning. By this time it was dark. When claimant left the lodge, he could not go down the front steps to the road, because that area was full of people, so he wedged his way behind the people standing near the railing running along the concrete walk in front of the lodge, and then went down the steps at the end of the walk. He walked about ten feet, turned, stepped into the road at a vacant parking place, and fell into a concrete drainage culvert or ditch about two to two and one-half feet deep and about fourteen inches wide running along the north edge of the road. There were no guard rails or warning signs in this area, and it was not lighted.

Claimant had never been in the Dixon Springs State Park before November 8, 1963, and, prior to this fall, he had not been anywhere near this ditch, because he has always had to park his car some distance from the area, and walk in through the Park. As a result of the accident, claimant sustained a markedly comminuted fracture of the proximal phalanx of the right great toe with a dislocation of the tarsal metatarsal points, dislocation to all of the joints in the foot to some degree, and small fractures involving the proximal end of the first, second and possibly the third metatarsal. Claimant was hospitalized for two days, and a temporary cast was put on his foot. On November 15, 1963, a closed reduction of the fracture was performed under a general anesthetic. This did not hold, and, on November 26, 1963, an open reduction was performed including the use of a Steinman pin to stabilize the dislocation of the first tarsal metatarsal joint. Claimant now has a permanent restriction

of motion of the metatarsal-phalangeal joint of the great toe, which interferes with the normal function of the foot.

The question presented in this case is whether the State owed a duty to this claimant, the degree of that duty, whether this duty was breached, whether the claimant was injured as a proximate result of that breach, and, if so, the nature and extent of claimant's injuries.

Claimant was clearly an invitee, and the State had the duty to exercise ordinary care to protect him from harm. The record discloses that claimant came to the Dixon Springs State Park to register for a deer hunting permit. The State had set up a place for hunters to register in the lodge at that Park, and claimant was injured returning to his car from the lodge where the hunting permits were issued. This Court held in *Kamin vs. State of Illinois*, 21 C.C.R. 467, that a member of the general public in a State Park is an invitee. In this case, the Court stated at page 472:

". . . although the State is not an insurer of the safety of those who make use of the park facilities, the State must exercise reasonable care in the maintenance of its parks, and in supervising the use thereof by the public."

It would appear from the facts in this case that the duty of the State to exercise reasonable care in the maintenance of its parks has been breached. The Park officials must have known, or should have foreseen, that persons would be walking along the road's edge and crossing into it at different points in going to and from their cars, yet no guard rails, signs, or lights were put up to warn people of the existence of the ditch. In the case of *Brown vs. State of Illinois*, 22 C.C.R. 231, the Court held that the State of Illinois was negligent in maintaining drains without covers, which were located in the walking area of a cattle barn, where the drains were littered with straw, and could not be recognized as such.

The case at hand is analogous in that the simple pre-

caution of installing an iron grating across this two and one-half foot deep concrete drainage culvert would have possibly prevented the occurrence, or at least would have reduced the seriousness of the injuries suffered. Since the culvert had been in existence for some time, the argument cannot be made that the State did not have notice of the existence of the ditch running along the side of the road. Furthermore, the State must have realized that such a deep ditch left unmarked, unguarded, and unlighted was a dangerous trap.

There is no evidence in the record to substantiate respondent's claim that claimant was contributorily negligent. Claimant had never been in the Dixon Springs State Park until the day of the accident, and had no opportunity to learn of the existence of the drainage culvert prior to his falling into it.

The State, knowing people were using the road, parking in the area, and returning to their cars after dark, had the duty to warn the public of the ditch's existence. This it failed to do, and, as a result, this claimant was permanently injured.

Claimant's Bill of Particulars indicates that he has expended $1,222.35 for hospital and medical expenses, and has suffered the loss of wages and salary in the sum of $1,870.00.

Direct unrefuted testimony establishes that claimant suffered permanent damage. Dr. Consigny testified that there was definite restriction of motion of the joints about the middle portion of the foot, with marked restriction of motion of the metatarsal-phalangeal joint of the great toe. He stated that these restrictions will interfere with the normal function of the foot, and cause claimant to limp during the latter part of the day.

It is the opinion of this Court that claimant is entitled to an award in the amount of $6,092.35. It is therefore, ordered that claimant's claim in that amount be allowed.