(No. 74-CC-0173—)

WILLIAM B. PATTERSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1981.*

PEFFERLE, MADDOX, GRAMLICH & WOLFSON (JEROME WOLFSON, of counsel), for Claimant.

Tyrone C. Fahner, Attorney General (William E. Webber, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This claim arose out of an incident which occurred on June 28, 1972. On that date, William B. Patterson, a 52-year-old polio victim, using crutches, was a visitor at the Lincoln Home area at Springfield, Illinois. Upon arrival at the area, Mr. Patterson and the other persons in his party descended from the bus in which they arrived and approached the wooden walkway which extended from the parking lot to the brick sidewalk running in front of the Lincoln Home itself. Upon noticing the wooden walkway, and that it was wet from rain which had fallen earlier that day, Mr. Patterson adjusted his normal walking pattern with the use of his crutches to navigate the walkway. He did not feel the wet wooden planks would present him with any unusual potential dangers as he was very adept in using crutches.

Approximately 100 feet from the beginning of the walkway, Mr. Patterson's left crutch slipped out from underneath him causing him to fall, breaking his left leg just above the knee joint. Following the accident, Claimant was admitted to St. John's Hospital in Springfield, Illinois, where the leg was set and put into a cast. Mr. Patterson was then transferred to Pomona Valley Community Hospital in Ontario, California, his hometown. He remained in that hospital under treatment for three months.

Due to Mr. Patterson's injury he has been unable to pursue his usual profession in electrical mechanical designing and his injury appears to be of a permanent nature.

The sole issue in this action is whether the State of Illinois is liable for Mr. Patterson's injuries.

It is the Claimant's contention that the State of Illinois breached a duty to him in not maintaining safe walkways at the Lincoln Home area for visitor use, on which walkways he injured himself. Due to that alleged negligence, Claimant stated that the State of Illinois is responsible for his injuries.

The case at bar parallels the facts in *Thode v. State of Illinois*, 28 Ill. Ct. Cl. 20. Ms. Thode fractured her hip when she slipped and fell on the boardwalk to the rear of the Lincoln Home. The boardwalk, at the time of the fall, was wet with the possibility of some ice having formed.

Due to her injury, Ms. Thode was unable to pursue her previous work raising money for various organizations and her medical and hospital bills were substantial. The evidence showed the walk to have been wet from a rainfall earlier in the day and there were no signs of any kind relative to the walk. There was a complete absence of negligence on the part of the Respondent, with the only evidence being that there was a wet sidewalk.

In the *Thode* case, *supra*, we reiterated that before the Claimant can recover damages from the State, it must be proven that she was in the exercise of due care and caution for her safety, and that the State was negligent, and such negligence was the proximate cause of the accident. *McNary v. State of Illinois*, 22 Ill. Ct. Cl.

328-34; *Bloom v. State of Illinois*, 22 Ill. Ct. Cl. 582-85; *Week v. State of Illinois*, No. 4719.

In *Thode* we said:

"It does not appear that there is any negligence on the part of the State and certainly the mere fact that a sidewalk was wet from rain does not prove any negligence. As a matter of fact, the only negligence claimed by Claimant is that the tourer of the premises was upon a wooden walkway which was open and unprotected from the weather and was without railings and protective devices."

The claim of Hazel Thode was denied because wet sidewalks caused by rainfall do not constitute an act of negligence on the part of the State such as to allow recovery by a Claimant.

The Respondent in the case at bar urges us to deny this claim following the same reasoning as in the *Thode* case, *supra*, due to the facts presented. Even though Mr. Patterson is found to have been exercising due care and caution on the wooden walkway, the State of Illinois was not negligent in the maintenance of the wooden walkways around the Lincoln Home area, as the "mere fact that a sidewalk was wet from rain does not prove any negligence." *Thode v. State of Illinois*, 28 Ill. Ct. Cl. 20.

We also note that we have repeatedly held that the State has only to exercise *ordinary* care to protect State park patrons from harm. (*Dumermuth v. State of Illinois*, 25 Ill. Ct. Cl. 353.) It is also the law that the State of Illinois is not an insurer of the safety of those who make use of park facilities, such as the Lincoln Home, but it need only use reasonable care in the maintenance of its park facilities and supervision of use thereof by the public. *Kamin v. State of Illinois*, 21 Ill. Ct. Cl. 467.

While we sympathize with the unfortunate situation of the Claimant we do not feel that the State of Illinois was negligent in causing it. Claim denied.