(No. 80-CC-2215–)

WILLIAM MAIKRANZ, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 25, 1985.*

*Order on dismissal of petition for rehearing filed September 13, 1985.*

COHN & FLYNN, for Claimant.

NEIL F. HARTIGAN, Attorney General (LYNN W. SCHOCK, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant seeks damages for pain and suffering, medical expenses and disability occasioned by a laceration to his forehead and contusion to his right elbow sustained from a collision with a gate apparatus in Illinois Beach State Park while he was a passenger in an automobile.

The issue is whether the State has a duty of care to Claimant, absent wilful and wanton conduct.

This matter was heard before a commissioner on December 5, 1983, when an evidentiary hearing was held. Counsel for Claimant and the assistant attorney general were present at the hearing. Both parties have submitted briefs and arguments.

Generally, members of the public properly upon State park grounds are invitees and are therefore owed a duty by Respondent to exercise reasonable care in establishing, maintaining, and supervising its parks. *Damermuth v. State* (1966), 25 Ill. Ct. Cl. 353; *Kamin v. State*, 21 Ill. Ct. Cl. 467; *Murray v. State* (1963), 24 Ill. Ct. Cl. 399.

However, the duty of care varies according to the status of the person entering the land. (*Trout v. Bank of*

*Belleville* (1976), 36 Ill. App. 3d 83, 343 N.E.2d 261.) With respect to a trespasser or a licensee, the Respondent only owes a duty. not to wilfully and wantonly injure the person going upon the land. *Burris v. State* (1963), 24 Ill. Ct. Cl. 282; *Walton v. Norphlett* (1977), 56 Ill. App. 3d 4, 371 N.E.2d 978.

The record shows that Claimant and his companions arrived at Illinois Beach State Park at approximately 4:30 a.m. on the morning of May 4, 1980. Claimant gained entry to an area that had been closed since 10:00 p.m. the previous evening. Respondent presented evidence that signs were posted throughout the park indicating the closing time of the park with the exception of the Class A campsite area. This was the only road open for ingress and egress.

The record further shows that the automobile in which Claimant was a passenger struck a steel swinging crossrail gate which was used to barricade Beach Road at closing time. The crossrail also had a sign posted on it indicating the closing time of the park. This accident took place outside the general area of Campsite A. Therefore, Claimant and his companions were in an unauthorized area at the time of the accident.

The evidence would indicate that Claimant was a trespasser and therefore has the burden of proving the State acted in a wilful and wanton manner. A trespasser has been defined as one who enters the premises of another without permission, invitation, or other right and intrudes for some purpose of his own, or at his convenience, or merely as an idler. 62 Am. Jur. 2d *Premises Liability*, sec. 55, 297; I.P.I. 2d sec. 120, 01, 349.

The park in which the incident occurred had been closed since 10:00 p.m. the evening of May 3, 1980.

There were signs throughout the park indicating that the park was closed. Claimant testified he was familiar with the park and had been there on numerous occasions. It is evident, therefore, that Claimant had ample notice of the closing time of the park.

The record also reflects that no evidence was presented indicating the injuries Claimant sustained were the result of wilful and wanton conduct on the part of Respondent. Mr. Kenneth Harvey, maintenance and security officer for Illinois Beach State Park, testified the gate apparatus in question was inspected during the evening of May 3, 1980, and the morning of May 4, 1980, and was found to be in proper working condition and closed.

It appears from the evidence in this case that Claimant was a trespasser and not an invitee, that he was familiar with the area and aware of the park's closing hours, and was consequently a trespasser. He did not produce any evidence, much less a preponderance, to show the injuries sustained were the result of a wilful and wanton act on the part of Respondent. It is clear Claimant's injuries were sustained as a result of his own wilful disregard of the signs and hours in which the park was open.

Claimant having failed to present the necessary proof to reflect any liability on the part of the State, this cause is dismissed.

## ORDER ON DISMISSAL OF PETITION FOR REHEARING

HOLDERMAN, J.

This matter comes before the Court upon petition of Claimant for rehearing. Said petition requests the

order of dismissal heretofore entered be vacated and another hearing held.

The order of dismissal sets forth that it was the Court's conclusion, after reading the evidence, that Claimant and the other passengers in the car were all trespassers. The commissioner, in his report, set forth a definition of trespasser, which is as follows:

"A trespasser is one who enters the premises of the other without permission, invitation, or other right, and intrudes for some purpose of his own, or at his convenience, or merely as an idler." 62 Am. Jur. 2d *Premises Liability*, sec. 55, 297; I.P.I. 2nd sec. 120, 01, 349.

The Court is still of the same opinion that Claimant was a trespasser and there was no liability established on the part of the State. Case dismissed.