## Iechel Joseph v. Philip Henrici Company, a corporation, and Chris. Pfeiffer Boiler Company, a corporation.

### Gen. No. 13,491.

1. LICENSEE—*duty of owner of premises to.* A mere license or permission to enter upon premises will not create in favor of the person entering, or impose upon the owner or tenant who grants the license, an obligation to provide against damages or accidents which may arise out of the existing condition of the premises, for the licensee goes upon the premises subject to all the dangers attending his going, and so 'enjoys the license subject to its concomitant perils.

2. PERSONAL INJURIES—*independent contractors, defined.* One who contracts to do certain work, furnishing his own assistants, executing the work according to a plan agreed upon between the contractor and the owner, without being subject in any way or manner to the orders of the owner in respect to the method of doing the work, is a contractor and not a servant.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed November 11, 1907. Rehearing denied November 25, 1907.

WOLFF & ROTHSCHILD, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN and JOHN A. BLOOM-INGSTON, for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This writ of error is sued out by plaintiff for the purpose of having this court review the record of the Superior Court in an action on the case for personal injuries resulting in a verdict for defendants, instructed by the trial judge, and a judgment entered thereon against the plaintiff for costs.

While others than the defendants in error were originally parties defendant, the cause proceeded to trial only against the defendants in error.

The declaration contains six counts, in each of which it is charged *inter alia,* that at the time plaintiff suf-

fered the injuries enumerated therein he was upon the premises of the Henrici Company, where the accident happened, at the invitation of the defendants, and fell into a catch basin or trap filled with hot water, which had been left open and unguarded by the defendants.

The main, pertinent and controlling facts deducible from plaintiff's evidence are substantially that the defendant, the Philip Henrici Company, in September, 1904, was in possession of the premises numbered 108 and 110 Randolph street, Chicago, and on the tenth day of that month entered into a contract with the defendant, the Chris. Pfeiffer Boiler Company, by which the latter undertook to install in the basement of the Henrici building a new boiler plant. The Chris. Pfeiffer Boiler Company made a sub-contract with one Joseph A. Dinet to brick in the boilers so installed by it, and to clean up and carry away the rubbish, including scrap iron, etc., on the premises, consisting of remnants of the old plant pulled down to make room for the new. Dinet was to receive as his compensation for doing the work under his sub-contract $420 in money and all the scrap iron the *residuum* of the old boilers. Plaintiff, a dealer in scrap iron and other "old things," in common parlance known as "junk," states that on the day he suffered the injuries for which he was seeking compensation, he witnessed the work going on in the Henrici basement from the alley in its rear; that some man—name not known—who was standing near the work going on, asked him if he wished to buy some old iron, to which he responded affirmatively. At the invitation of this man, plaintiff went with him into the basement and was shown the scrap iron, which he offered to buy at the rate. of 25 cents per hundredweight. The man said the offer was not enough, whereupon plaintiff went away, but upon reaching the alley the same man called him back, and he went. The offer which plaintiff had made was then accepted. Plaintiff, with the aid of a laborer, whom he

found working in the Henrici basement, started to carry away that part of the iron lying back of the engine room; plaintiff and the laborer carried some of the iron out through the engine room to the elevator. The first lot carried out was without any mishap, but on gathering up iron for the second load plaintiff, stepping backwards a few feet, stepped into an open catch basin filled with hot water, which occasioned the injuries for which he seeks to recover damages on the legal theory that defendants owed him a duty to keep the basement in a safe condition, and negligently failed to perform that duty, as a result of which negligence plaintiff was injured.

It is too plain for argument that plaintiff was upon the Henrici premises in the basement of its building without either leave, license or permission, actual or constructive, of the defendants or either of them, at the time of the accident. It is equally as patent that at the time of the accident neither of them was in the possession of that part of the basement where plaintiff unfortunately backed into the catch basin in which was the hot water that scalded him. It had been surrendered to and was then in the possession of Dinet, who was there performing his sub-contract with the contractor, Chris. Pfeiffer Boiler Company. The evidence of plaintiff clearly shows how he came to be upon the premises at the time. It was at the invitation of a man unnamed, but none of the proof connects him in any manner with either of the defendants. Dinet was plaintiff's witness, and he testifies, without equivocation, that the scrap iron was his property under his sub-contract with the Pfeiffer Company, received as part of his compensation, and that he sold it to plaintiff, who at the time of the accident, was engaged in carrying it away. Furthermore, at this time Dinet had possession of that particular part of the Henrici basement where the accident occurred, bricking in the new boilers installed by the defendant Pfeiffer Company.

Under these facts the law cast no duty upon either of the defendants to protect to any extent the plaintiff. At the most plaintiff was a bare licensee, and all the duty which the law cast upon defendants, so far as plaintiff was concerned, was not to do any act wilfully to injure him. No contention is made, either by the pleadings or proof, that any wilful act was committed by defendants which contributed to cause plaintiff's injuries. Buswell on Personal Injuries, 2nd ed., sec. 77, succinctly states the rule as follows:

"A mere naked license or permission to enter upon the premises will not create in favor of the person entering, or impose upon the owner or tenant who grants the license, an obligation to provide against damages or accidents which may arise out of the existing condition of the premises, for the licensee goes upon the premises subject to all the dangers attending his going, and so enjoys the license subject to its concomitant perils."

So far as defendants' responsibility is concerned, plaintiff entered the premises assuming the risk of all the perils confronting him, which were not expressly chargeable to malicious conduct on their part. The authorities here and elsewhere sustaining the text cited are numerous and uniform. They are so well known that we do not deem it necessary to here set them forth.

The acts of negligence from which plaintiff suffered the injuries complained about, are not, from the evidence in the record, attributable to defendants. If any one is liable, it is Joseph A. Dinet. Dinet was an independent contractor under the Pfeiffer Company, the original contractor, and was in the actual physical possession of the basement in the prosecution of the work called for by his contract at the time of the accident. All plaintiff's dealings, which took him to the Henrici basement, were with Dinet and no one else.

In this condition there can be no recovery against defendants. The rule applicable to independent con-

tractors, with some exceptions not here pertinent, is to the effect that one who contracts to do certain work, furnishing his own assistants, executing the work according to a plan agreed upon between the contractor and the owner, without being subject in any way or manner to the orders of the owner in respect to the method of doing the work, is a contractor and not a servant. One who may be injured through the negligence of such contractor cannot recover damages for such injury from the owner. Jefferson v. Jameson, 165 Ill. 138; Hale v. Johnson, 80 *ibid.* 185; Scammon v. City of Chicago, 25 *ibid.* 424; Morton v. Thurber, 85 N. Y. 550; Hilliard v. Richardson, 3 Gray, 349; Forsyth v. Hooper, 11 Allen, 419; Lawrence v. Shipman, 39 Conn. 586; Foster v. Wadsworth-Howlan Co., 168 Ill. 514.

The defendants in error exercised no control over Dinet; he was free to do his contract work in his own way without interference or objection from them. He was in possession of the Henrici basement for that purpose. Plaintiff's entire dealings were with Dinet; to him, if to any one, must he look for compensation for his injuries. The defendants are in no way liable in law under the proof found in the record.

The direction of the verdict under plaintiff's proof was the duty of the court, and the entry of the judgment thereon violated no legal right of plaintiff. The judgment of the Superior Court is therefore affirmed.

*Affirmed.*