## Wasyl Zacuchny, Defendant in Error, v. Chicago Lighterage Company, Plaintiff in Error.

### Gen. No. 15,303.

1. PLEADING—*correspondence between allegations and proof.* The pleadings and proof must correspond.

2. MASTER AND SERVANT—*when proof of relation material.* If the plaintiff was injured while upon the premises of the defendant, proof of the relationship of master and servant is material where if the relation did not exist the plaintiff was a mere trespasser.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed October 6, 1910.

H. L. HOWARD, for plaintiff in error.

STEPHEN JANOWICZ and CYRUS J. WOOD, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action for personal injuries, which was tried before a judge of the Municipal Court without the intervention of a jury, and resulted in a judgment against defendant and in favor of plaintiff for $300 and costs. To reverse that judgment the record is before us for review on a writ of error sued out by defendant.

The cause proceeded to trial under the following statement of claim, which constituted plaintiff's pleading, the same having been filed pursuant to a rule of court entered upon the motion of defendant:

"And now comes the plaintiff by his attorney and files herein his more specific statement of claim as follows: Plaintiff's claim is for damages sustained by him on or about March 25, 1908. While he was upon a boat owned and controlled by the defendant, having been engaged by the defendant to assist in the unloading of said boat, when it

reached the place of unloading, and through the negligence and carelessness of the defendant said boat was run under a bridge without the smokestack being lowered, the defendant well knowing that the said stack was so high that it could not pass under the bridge, whereby the said stack, with ball thereto attached, were thrown down and upon the plaintiff with great force and violence and his leg was broken and he was otherwise injured."

The evidence discloses that plaintiff, a Pole, who did not understand the language usually spoken in this country, had been out of employment for about six months, and desiring work procured from his landlady a letter requesting employment for him, which he presented to William H. Dudley, who was in charge of a lighter of defendant's called the "Seymour," of about 150 to 200 tons burden, which was lying at a dock on the Chicago river at Eighteenth street, in process of being loaded. Plaintiff presented the letter to Dudley on the boat after it left the dock and was under weigh. Plaintiff testified that Dudley on reading the letter said, "All right," but Dudley, who was called by plaintiff testifies upon examination as plaintiff's witness, that he told plaintiff through an interpreter that he had no work for him, but if there should be an opening for him some time he would help him out.

Plaintiff was injured through the neglect of the foreman of the boat to perform his duty in lowering the smokestack while the boat was going under a bridge at Canal street, resulting in the stack being knocked backwards by contact with the bridge, causing the ball on the end of a lever which held the stack in place to strike the leg of plaintiff in its upward progress, breaking his leg.

It is an elementary and familiar legal principle that the evidence must support the material averment of the plaintiff's pleading, by whatever legal term it may be designated or known; in other words, that the *probata et allegata* must be in unison, the former supporting the latter. It is a general rule of evidence that the things alleged and proved must correspond; that is, the proof must at least be suffi-

ciently extensive to cover all of the material allegations of the party.  1 Greenleaf on Evidence, sec. 51.

Plaintiff made the averment of his employment by defendant through Dudley material to his right of recovery.  By such averment he made the case one between master and servant, and the duty owed by the master to the servant which the law imposes was the governing principle resting upon the facts which the proof might disclose of negligently failing to perform such duty.  Plaintiff's own witness, Dudley, testified that he did not employ him, and plaintiff's testimony that Dudley said "All right" after reading the letter presented to him, falls far short, even if credited, of proving an employment of plaintiff.  Therefore it follows that the foundation upon which plaintiff placed his sole right to recover is swept out of the case through his failure to sustain the same by proof.  There being no employment, there can be no recovery.  For if he was an employe he was there by right; otherwise he was a trespasser or mere licensee, to whom defendant owed the sole duty not to wilfully or wantonly or maliciously injure him.  Joseph v. Henrici, 137 Ill. App. 171; Francy v. Union Stock Yards Co., 235 Ill. 522; Pauckner v. Wakem, 231 ib. 276.  There is no claim made on plaintiff's behalf that defendant or its servants perpetrated any act wilfully, wantonly or maliciously which caused the injury to plaintiff for which he seeks to recover from defendant compensatory damages.

Because the evidence fails to support the material averment of plaintiff's pleading, the Municipal Court erred in entering a judgment in his favor, and that judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*