Bernice H. Biggs, Appellant, v. Theodore Bear and Edda Bear, Appellees.

Gen. No. 42,317.

598

Opinion filed November 17, 1943.

KROHN & MACDONALD, of Chicago, for appellant; STUART B. KROHN and IAN P. MACDONALD, both of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellees; WILLIAM H. SYMMES, DAVID JACKER, CHARLES R. MORROW and JOHN M. O'CONNOR, JR., all of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action in which the court directed a verdict of not guilty and entered judgment thereon.

To test the court's action we must assume plaintiff's evidence to be true, favor her strongly in drawing legal inferences and consider then whether there is any evidence tending to prove the elements of her case. Under the issues plaintiff was required to prove that defendants violated a duty to warn her, their guest, of a dangerous arrangement of doors in their kitchen; and that while exercising due care and as a result of defendants' failure to warn her, and their further negligence in failing to light and guard, and provide a landing between the door and the steps of the rear stairway, she fell down the stairs and was injured.

Plaintiff, with four other women, was invited to a 12:30 o'clock luncheon at defendants' home and, before dessert, while they were stretching, she inquired for a washroom and, having been directed by "someone," went toward one of three or four doors in the kitchen, all of which looked alike with nothing to distinguish them. Looking toward the door to which she was advancing, she opened it away from her and

stepped and looked simultaneously into the darkness. There was no landing and, not knowing of, or expecting, the stairway, she fell down ten or twelve steps and was injured. She had never been on the premises before, and before the luncheon she was shown partially about, but not shown the stairway and knew nothing of it.

The vital question is whether plaintiff was a licensee or invitee. If a licensee, the court properly directed the verdict, since there was no evidence of wilful and wanton misconduct. *Roth v. Schaefer,* 300 Ill. App. 464. No Illinois case cited is precisely applicable. In *Fisher v. Jansen,* 30 Ill. App. 91, plaintiff was a guest of a tenant of a multiple dwelling and the landlord was defendant. *Chalmers v. Kolb,* 9 F. (2d) 924 would appear to support plaintiff's view, but it fades in the light of what is hereinafter stated. Several Illinois cases express the difference between the general terms licensee and invitee, but in none of them is the negligence alleged based on a social relationship. *Milauskis v. Terminal R. Ass'n,* 286 Ill. 547; *Purtell v. Philadelphia Coal Co.,* 256 Ill. 110; and *Pauckner v. Wakem,* 231 Ill. 276. Each of those cases refers with approval to *Plummer v. Dill,* 156 Mass. 426, which refers to the leading case on the subject, *Southcote v. Stanley,* an English case reported in 1 Hurlstone & Norman's Repts. 247, where it was held that a social guest in the host's home must take the house as he finds it, with no greater right than a mere licensee. The English case was principally relied upon in *Comeau v. Comeau,* 285 Mass. 578, where the question of the right of a social guest, upon the ordinary negligence of his host, is thoroughly discussed and the holding of the English case was invoked to bar recovery. It appears that wherever the question has arisen, State courts have followed the English law. 45 C. J. 794 and notes; *Gregory v. Loder,* 116 N. J. L. 451, 185 Atl. 360; *Greenfield v. Miller,* 173 Wis. 184, 180 N. W.

834. The *Comeau* case wisely points out that not every person invited is an invitee as the latter term is used in the law of torts; and that a social guest becomes a member of the family of the host for the time being and cannot at the same time stand upon the strictly commercial transaction between the invitor and invitee in the law of torts. It also refers to the limitations upon the right of an automobile guest in Massachusetts to recover from a host, as we now point to our Automobile Guest Statute (par. 58a, ch. 95½, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 85.064(1)]) in support of the reasonableness of the rule that a social guest on the premises of the host is a licensee.

We need not consider any other points. The judgment is, accordingly, affirmed.

*Judgment affirmed.*

BURKE, J., concurs.

HEBEL, P. J., took no part.