JAMES McILVANE *vs.* VERNON PERCIVAL. March 3, 1958. Order dismissing report affirmed. This action of tort for personal injuries was brought in the Municipal Court of the City of Boston. It could have been found (a) that the plaintiff fell in the defendant's pool room when his foot caught in a long, dark crack, about one half inch wide, and one half inch deep, between uneven, chipped or worn boards on a wooden floor; (b) that the condition had existed unchanged for as much as five months prior to the injury; (c) that the plaintiff had seen the condition ten or twelve times before the injury, and was in the pool room four or five days each week; and (d) that at the time he did not think of the crack because he was concentrating on a pool shot. The trial judge refused to rule that there was no evidence to warrant a finding for the plaintiff and found for the plaintiff. The defendant appealed from the dismissal by the Appellate Division of a report. Findings were warranted (a) that the defendant had failed to keep the premises in a reasonably safe condition for the use of business invitees and that the defect was not trivial (see *Hillis* v. *Sears, Roebuck & Co.* 284 Mass. 320, 321; *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300, 303; *Shwartz* v. *Feinberg*, 306 Mass. 331, 332–333; *Di Noto* v. *Gilchrist Co.* 332 Mass. 391, 392–393; compare *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196, and cases cited); and (b) that the defect had existed long enough (see *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560, 563–564; compare *Kelleher* v. *Dini's, Inc.* 331 Mass. 217, 219; *Chastain* v. *Hotel Commander, Inc.* 336 Mass. 603, 605), for the defendant to have notice of it. The plaintiff's knowledge of the defect was merely evidence of contributory negligence and did not require a finding of contributory negligence as a matter of law. *Spencer* v. *Bartfield*, 334 Mass. 667, 668. Compare *O'Neil* v. *W. T. Grant Co.* 335 Mass. 234, 235.

*Thomas R. Morse, Jr.*, for the defendant.
*Marvin H. Margolies*, for the plaintiff.

ELIZABETH RIOUX *vs.* McLELLAN STORES CO. March 5, 1958. Exceptions overruled. In this action of tort to recover for personal injuries there was evidence that on April 17, 1953, the plaintiff, a customer in the defendant's store in Fall River, slipped on a sticky substance about the size of a silver dollar in the aisle opposite the candy counter. It looked like caramel candy and after the fall appeared "well crushed with some dirt on it." The evidence was insufficient to indicate that it had been there so long that in the exercise of reasonable care the defendant should have discovered it and removed it. There was no error in entering a verdict for the defendant under leave reserved. *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489. *Wyman* v. *McLellan Stores Co.* 315 Mass. 117. *Uchman* v. *Polish National Home, Inc.* 330 Mass. 563. The case was submitted on briefs.

*William A. Torphy*, for the plaintiff.
*William J. Fenton & Merritt J. Aldrich*, for the defendant.