Belden Manufacturing Co., a Corporation, and Radio Steel Mfg. Co., a Corporation, (Belden Manufacturing Co., a Corporation), Plaintiff-Appellant, v. Chicago Threaded Fasteners, Inc., a Corporation, and C. O. Henriksen Company, a Corporation, (Chicago Threaded Fasteners, Inc., a Corporation), Defendant-Appellee.

Gen. No. 51,279.

First District, Third Division.

June 15, 1967.

Leonard M. Ring, of Chicago and Robins, Davis & Lyons, of Minneapolis, Minnesota, for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, Belden Manufacturing Co., a lessor, appeals from an order dismissing Count I of its complaint which charged its lessee, the defendant, Chicago Threaded Fasteners, Inc., with negligence in the use and operation of an incinerator which caused a fire and resulted in damage to the plaintiff's property.

In 1961 the plaintiff leased a portion of a building it owned to the defendant for a period of five years. In addition to the usual terms contained in such instruments, the lease provided that:

> ". . . Lessee will keep said premises . . . in good repair . . . and upon the termination of the lease . . . will yield up said premises to Lessor in good condition and repair (loss by fire and ordinary wear excepted . . . ."

In September 1962 a fire occurred, allegedly originating in the portion of the premises leased to the defendant, which partially destroyed the plaintiff's property. The plaintiff, and another tenant whose property was also damaged, brought suit against both the defendant and the manufacturer of an incinerator which had been installed

on the defendant's portion of the leased premises. The defendant moved to dismiss the plaintiff's count against it on the ground that the above-quoted provision in the lease was an effective exculpatory clause relieving it from liability for the negligent acts alleged in the complaint. The trial court sustained the defendant's motion, ordered Count I dismissed and found that there was no just reason for delaying an appeal from its order. (Ill Rev Stats, 1963, c 110, § 50(2).)

It is the contention of the plaintiff that Ill Rev Stats, 1963, c 80, § 15a (which declares that exculpatory clauses exempting lessors from liability for damages resulting from the lessor's negligence are void and unenforceable) should be construed as applying equally to exculpatory clauses exempting lessees; that if the statute is not so construed it is arbitrary class legislation which violates the Fourteenth Amendment of the United States Constitution and section 2, article II and section 22, article IV of the Illinois Constitution; that in the event the statute is held to be unconstitutional, the validity of all exculpatory clauses should be declared void as against public policy; and if, on the other hand, the statute is held to be constitutional, this court should find that exculpatory clauses favoring lessees are contrary to the public policy of this state.

This appeal was originally taken to the Supreme Court of Illinois. A motion was made by the defendant to transfer the appeal to this court. The motion was denied and the case was set for oral argument. The points made in the plaintiff's brief (which is the brief it stands on in this court) were argued orally. After the argument was completed the court transferred the case here stating that it had no jurisdiction on direct appeal. Under these circumstances we may assume that the Supreme Court rejected the constitutional points advanced by the plaintiff. People v. Valentine, 60 Ill App2d 339, 208 NE2d 595 (1965).

■ There remain, therefore, just two points for the consideration of this court: whether section 15a of chapter 80 should be construed as applying to lessees as well as to lessors, and whether exculpatory clauses favoring lessees should be held void as being contrary to public policy.

Section 15a is as follows:

> "Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property, except those business leases in which any municipal corporation, governmental unit, or corporations regulated by a State or Federal Commission or agency is lessor or lessee, exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable."

The language of this statute is unequivocal. The statute is limited to any agreement exempting any *lessor* from liability for his negligent acts or those of his agents, servants or employees. The statute is, and was clearly meant to be, applicable only to agreements exonerating lessors and we cannot possibly read into it the words "or lessee," as the appellant would have us do. To do so would be acting contrary to both the unambiguous wording of the statute and the obvious intention of the General Assembly.

■ In approaching the plaintiff's last point—that exculpatory clauses favoring lessees should be held void— we are immediately confronted with the opinion in Cerny-Pickas & Co. v. C. R. Jahn Co., 7 Ill2d 393, 131 NE2d 100 (1955) which construed the exact language used in the lease in the present case: "Lessee . . . will yield

up said premises . . . in good condition and repair (loss by fire and ordinary wear excepted) . . . ." The Appellate Court (347 Ill App 379, 106 NE2d 828) had held that such an exculpatory clause was against public policy and was invalid. The Supreme Court reversed. It held that the provision in the lease relieving the lessee from responsibility for fire resulting from its own negligence was valid and enforceable. The plaintiff asks us to reaffirm the Appellate Court decision and once again declare the clause invalid. It is not within our authority to overrule the Supreme Court or to modify its decisions. Agricultural Transp. Ass'n v. Carpentier, 2 Ill App 2d 19, 116 NE2d 863 (1953); Miller v. City of Chicago, 25 Ill App2d 56, 165 NE2d 724 (1960); Sullivan v. Harris Trust & Savings Bank, 8 Ill App2d 397, 132 NE2d 69 (1956). Moreover, as we mentioned heretofore, this same point was argued in the Supreme Court in the present case. The parties' briefs put the Cerny-Pickas case directly in issue and the plaintiff requested the Supreme Court to reconsider that opinion. It is not unreasonable to surmise that if the court were inclined to review its decision it would have retained this appeal.

The order of the Circuit Court is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.