GLADYS LOUISE DUNLAP *et al.*, Plaintiffs-Appellants, *v.* MARSHALL FIELD
& COMPANY, Defendant-Appellee.

(No. 59692;

First District (3rd Division)—April 3, 1975.

*Rehearing denied May 15, 1975.*

David Alswang, of Chicago, for appellants.

Lord, Bissell, & Brook, of Chicago (Richard C. Valentine, Richard E. Mueller and Hugh C. Griffin, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Gladys Dunlap and her husband Leonard brought an action in the circuit court of Cook County against Marshall Field & Company for personal injuries allegedly sustained when the plaintiff-wife slipped on a discarded lollipop stick while shopping in defendant's downtown store. At the close of plaintiffs' evidence the trial court granted defendant's motion for a directed verdict, denied plaintiffs' post-trial motion, and entered judgment accordingly. Plaintiffs appeal.

With reference to the circumstances of the injury, Mrs. Dunlap was the only witness on her own behalf. On August 26, 1968, plaintiff, 68 years of age, was shopping in defendant's budget basement store. She had purchased shoes and was walking down the aisle to the candy de-

partment when she heard a loud voice from behind say "watch the truck." Looking around, she saw a young man "a colored boy, but very light skin, very attractive, deep featured and quite young" pushing a canvas refuse cart. At that time the cart was 4 feet behind her and approaching "fast." Mrs. Dunlap thought the aisle was too narrow to accommodate both her and the passing cart so she turned left into an intersecting aisle and continued walking. After three or four steps in the second aisle plaintiff felt her left leg roll on a small object similar to a kitchen match. The unnatural movement caused her to lose her balance and fall to the ground.

After the fall, two unidentified men "jerked" plaintiff up from the floor and left her standing on one foot holding on to a counter. From this position she noticed a candy stick in the aisle, retrieved it and placed it into the bag containing her shoes. At the trial, over defendant's objection, the candy stick, dirty and flattened, was received into evidence. The basement candy counter was approximately 18 feet from the location of the occurrence.

Mrs. Dunlap testified that her injuries caused excruciating pain and rendered her unable to walk without assistance. Despite this fact, plaintiff did not consult a physician until 10 months after the occurrence. At that time an orthopedic surgeon found that plaintiff was suffering from a fractured hip and hospitalized her for surgery and corrective treatment. In the physician's opinion, the injury resulted from a severe fall and at the time of his diagnosis the age of the fracture was 9 to 12 months.

In 1970 plaintiffs filed a pro se complaint against defendant alleging negligent maintenance of the store premises and negligent operation of the refuse cart. In the complaint, plaintiffs alleged that due to defendant's negligence a "foreign object" extended and protruded into a certain aisle and that defendant negligently operated a refuse truck in said aisle. The complaint further charged that Mrs. Dunlap "was pushed and tripped" and caused to "stumble and fall." Later the "push and trip" allegation was modified and plaintiffs maintained that Mrs. Dunlap "was forced to jump aside." Three years later an amended complaint was filed by trial counsel. This last complaint set forth additional charges of negligence, deleted the "jump aside" allegation, and identified the foreign object as a lollipop stick.

At the close of plaintiffs' evidence the trial court ruled that a prima facie case of negligence had not been established and granted defendant's motion for a directed verdict. On review we must ascertain, from the evidence and inferences most favorable to plaintiffs, whether the issue of defendant's negligence in maintaining the premises or operating the cart should have been submitted to the jury.

■■ Since Mrs. Dunlap was a business invitee on defendant's premises, defendant owed her the duty to exercise ordinary care in maintaining the premises in a reasonable safe condiction. *Burns v. Goldammer* (1962), 38 Ill.App.2d 83, 186 N.E.2d 97.

■■ The rule in Illinois is that if a business invitee is injured by slipping on a foreign substance on defendant's premises and there is a basis in the evidence for an inference of defendant's or his servants' negligence, then the case must go to the jury. If the substance was on the floor through the act of a third person, or there is no showing of how it reached the floor, there must be evidence of sufficient notice to defendant of the presence of the substance so that defendant, in the exercise of ordinary care, would have discovered it. See *Donoho v. O'Connell's Inc.* (1958), 13 Ill.2d 113, 148 N.E.2d 434; *Olinger v. Great Atlantic & Pacific Tea Co.* (1961), 2 Ill.2d 469, 173 N.E.2d 443.

Plaintiffs suggest as a third basis for liability that when the evidence shows that the injury was caused by a regular and recurring dangerous condition which defendant was bound to foresee, the constructive notice requirement is satisfied and the issue of defendant's negligent maintenance of the premises must be submitted to the jury. While this principle has been recognized as valid (*Perminas v. Montgomery Ward & Company* (1973), 16 Ill.App.3d 445, 306 N.E.2d 750, *rev'd on other grounds*, 60 Ill.2d 469), it is not dispositive of the issue in this case as plaintiffs have failed to establish the theory by any evidence.

■■ Plaintiffs argue that lollipop sticks discarded in aisles near the candy counter created a recurring dangerous condition which defendant was bound to foresee. They argue that defendant, by selling lollipops in the budget basement, was bound to foresee its customers would most likely be children and that children would consume the candy on the premises and heedlessly dispose of the stick by dropping it on the floor. Plaintiffs' argument is unacceptable because of a complete failure of proof to support it. There was no evidence that lollipops were regularly consumed on the premises or that improper disposal, by children, or anyone else, was a recurring incident giving rise to a dangerous condition that defendant was bound to foresee. Furthermore, plaintiffs offered no evidence to show that the candy stick upon which Mrs. Dunlap slipped was in fact of the type used in defendant's candy. When plaintiff's attorney examined defendant's candy-counter employee under section 60 he did not show her the stick or otherwise attempt to show that it was of the type found in lollipops sold in the store. Under these circumstances we find plaintiffs' claim of a foreseeable condition of danger to be without merit.

Having failed to show that the stick was part of a dangerous and foreseeable condition, plaintiffs were required to adduce evidence sufficient to support a finding that the stick was in the aisle through the acts of defendant or his agents or that defendant or his agents knew or should have known of its presence. There was no evidence that the stick was in the aisle through the negligent acts of defendant or its employees and plaintiffs do not argue otherwise. Plaintiffs do assert, however, that the evidence was sufficient to support a reasonable inference that the stick was in the aisle for a period of time sufficient to charge defendant with constructive notice of its presence. The sole evidence tending to show that the candy stick had remained on the floor for a considerable length of time was its flattened and dirty condition. When the stick was offered in evidence Mrs. Dunlap testified that it was in the same condition as when she picked it up after the accident, some 6 years earlier.

Ordinarily the wilted, torn or dirty condition of an object upon which the injured party slipped does not provide basis for an inference that it had remained on the floor for a length of time sufficient to charge defendant with constructive notice of its presence. (*Pavlik v. Albertson's, Inc.* (1969), 253 Or. 370, 454 P.2d 852; *Rioux v. McClellan Stores Co.* (1958), 337 Mass. 768, 148 N.E.2d 361.) The condition of the object is deemed inconclusive as it might have been dirty before it was dropped, become dirty after only a few moments on the floor, or been dirtied and flattened by the shoe of the individual who slipped on it.

In *Burns v. Goldammer, supra,* relied on by plaintiffs, the court considered what evidence was sufficient to charge defendant with constructive notice of foreign matter present on a bowling alley approach lane. In light of the extra-hazardous situation foreign matter in that location posed, the court held that defendant could be charged with constructive notice even if the substance was present on the floor only a short time. Therefore, evidence such as the dirty condition of the gum could show that the substance was present long enough to charge defendant with constructive notice. The *Burns* court makes it clear that its holding was an exception to the general rule and should not apply to foreign matter found in the common passageways of a retail store. The reasoning and result in *Burns* have no application to the present case. The condition of the candy stick was not sufficient to support an inference of constructive notice and the trial court properly so held.

Plaintiffs also contend that the trial court erred in holding that there was no evidence of negligence on the part of defendant's employee in the operation of the refuse cart and in refusing to submit that issue to the jury.

■■ Defendant owed Mrs. Dunlap, a business invitee, the duty to

exercise ordinary care for her safety. Defendant was required to exercise care to guard against any reasonably foreseeable rise of harm which might flow from its conduct. The essential element of negligence is the exposure of another to an unreasonable risk of harm. (*Beccue v. Rockford Park District* (1968), 94 Ill.App.2d 179, 236 N.E.2d 105.) Applying this definition to the facts of this case, we find no proof that the action of defendant's employee amounted to a breach of the ordinary care owed. It was uncontroverted that the car was some 4 feet behind plaintiff when defendant's employee gave a loud clear warning of its approach. Mrs. Dunlap's testimony revealed that she had an opportunity to judge the size of the cart and to note the physical characteristics of the clerk. An intersecting aisle was two steps away, and by turning into it Mrs. Dunlap easily removed herself from any hazard the cart may have posed. She testified that the lighting in the store was normal.

■■ Defendant is not an insurer of the safety of plaintiff simply because she was on his premises as a business invitee. (*Olinger v. Great Atlantic & Pacific Tea Co.* (1961), 21 Ill.2d 469, 173 N.E.2d 443.) In view of the clear warning, the position of the cart at the time it was given and the close proximity of an intersecting aisle, we do not believe that the action of defendant's employee exposed Mrs. Dunlap to an unreasonable risk of harm. Viewing the evidence in light most favorable to plaintiff, we must conclude that there was no showing that defendant breached the ordinary care owed. There was no evidence upon which the jury could reasonably have found negligence.

In Count III of the amended complaint plaintiffs alleged that the presence of the candy stick and the movement of the cart constitute a public nuisance under section 221(5) of the Illinois Nuisance Act (Ill. Rev. Stat. 1967, ch. 100½, par. 26(5)) and that such nuisance proximately caused Mrs. Dunlap's injuries. Defendant denied these allegations, and the court directed a verdict in its favor on this count. Plaintiffs now contend that by failing to make a motion to strike Count III defendant has conceded the legal sufficiency of the count and has implicitly admitted the applicability of the nuisance statute. In our view, the argument lacks merit.

■■ Although defects in a complaint containing an incomplete statement of a good cause of action may be waived, the question of whether a complaint absolutely fails to state a ground of liability is never waived merely by filing an answer. (*Wagner v. Kepler* (1951), 411 Ill. 368, 104 N.E.2d 231.) Moreover, the sufficiency of plaintiffs' nuisance count is not a decisive issue in determining whether the directed verdict was proper. Whether the evidence, viewed most favorably to plaintiffs, was sufficient to require submission of the case to the jury is our concern. Our review

of the record indicates that plaintiffs failed to show defendant was responsible for or had notice of the candy stick in the aisle of the store. Further, plaintiffs failed to establish that the cart was operated in an unsafe or improper manner. Thus the proof did not establish that defendant created a public nuisance as defined in the statute. Since plaintiffs failed to prove the essential elements of their cause of action, the trial court properly refused to submit the nuisance count to the jury.

Another reason for sustaining the action of the trial court is plaintiffs' failure to file an abstract or excerpts from the record. This failure would warrant the dismissal of the appeal. *Frederick Chusid & Co. v. Collins Tuttle & Co.* (1973), 10 Ill.App.3d 818, 295 N.E.2d 74; *Denenberg v. Prudence Mutual Casualty Co.* (1970), 120 Ill.App.2d 68, 256 N.E.2d 71.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON, P. J., and MEJDA, J., concur.