VERLEAN ANN GARTLEY, A Minor, by her Mother and Next Best Friend, WILLIE JEAN GARTLEY, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHORITY, Defendant-Appellee.

(No. 60218;

First District (2nd Division)—April 29, 1975.

Jacobson and Sorkin, of Chicago (Milton C. Jacobson, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Howard T. Brinton and Thomas M. Harvick, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Verlean Ann Gartley (plaintiff) filed suit against the Chicago Housing Authority (defendant) seeking damages for personal injuries suffered while on a playground of the Henry Horner Housing Project (Project) located in the City of Chicago. Plaintiff alleged defendant was negligent in its function as owner and controller of the Project, and that this negligence resulted in injuries to the plaintiff. Defendant filed a motion to strike and dismiss the complaint for failure to state a cause of action, and because defendant had no duty to protect plaintiff in this situation. The circuit court of Cook County granted defendant's motion and dismissed plaintiff's complaint with prejudice. Plaintiff appeals from this dismissal.

On August 16, 1972, plaintiff, a 17½-year-old minor, was allegedly injured by a soft drink bottle thrown from an eleventh floor apartment of the Project. As a result of this alleged incident, plaintiff, by her mother and next best friend, brought a personal injury action against defendant.

Plaintiff alleged in her complaint that defendant owned, operated, maintained and controlled the Project, and that it was defendant's duty to maintain and manage said premises so that they would be in a safe and proper condition for persons legally and lawfully on these premises. Plaintiff further alleged she was sitting on a bench in the playground when struck by a bottle thrown from an 11th floor apartment; that de-

fendant had actual prior knowledge that objects were being thrown from the window of apartment 1108, by its occupants, Martha Harris and other members of her family. It was allegedly through defendant's failure to do anything about this dangerous activity that plaintiff was injured.

Plaintiff specifically alleged defendant was negligent in that it carelessly and negligently: (a) maintained, managed and controlled the premises, passages, areaways and appurtenances; (b) failed to effectively control and/or estop children from throwing objects from the windows after having received actual knowledge of this dangerous activity; (c) failed to take proper action to remedy the situation; (d) failed to specify windows and window screens or coverings which would prevent the throwing of objects from the windows; (e) failed to provide adequate security forces; (f) failed to provide play/park areas protected from objects being thrown from apartment windows; and (g) failed to provide adequate playground supervision.

Plaintiff stated she was injured as a direct and proximate result of this negligence and requested damages in the amount of $500,000 to compensate her for brain injury, paralysis, and other injuries requiring medical care which resulted from this accident.

Defendant filed a motion to strike and dismiss plaintiff's complaint on the grounds that it failed to state a cause of action; that plaintiff was injured by unknown individuals; and that defendant had no duty to protect plaintiff from the unlawful misconduct of others.

The circuit court of Cook County granted defendant's motion and entered an order dismissing the action against the defendant. This order cited *Trice v. Chicago Housing Authority* (1st Dist. 1973), 14 Ill.App.3d 97, 302 N.E.2d 207, to support its dismissal of the case.

## I.

■■ On appeal, the only issue before this court for review is whether the complaint stated a cause of action. A motion to dismiss for failure to state a cause of action admits all facts well pleaded and reasonable inferences to be drawn therefrom; and the motion should not be granted unless it clearly appears "* * * no set of facts could be proved under the pleadings which would entitle the plaintiff to relief." (*Courtney v. Board of Education* (1st Dist. 1972), 6 Ill.App.3d 424, 425, 286 N.E.2d 25, 26.) Section 33 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 33) requires that the pleadings be "* * * liberally construed with a view to doing substantial justice between the parties." But even liberal construction will not overcome the requirement that sufficient facts be alleged to state a cause of action. See *Church v. Adler* (3rd Dist. 1953), 350 Ill.App. 471, 478, 113 N.E.2d 327.

■■ In order for an allegation of negligence to be sufficient under Illinois law, facts must be alleged showing a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, a breach of that duty, and injury to the plaintiff as a result of that breach. (*Bahr v. National Safe Deposit Co.* (1908), 234 Ill. 101, 84 N.E. 717; *Church v. Adler, supra; Anderson v. Davis Development Corp.* (3d Dist. 1968), 99 Ill.App.2d 55, 241 N.E.2d 222; 28 I.L.P. *Negligence* § 182.) On the motion to dismiss, accepting all facts properly pleaded as admitted (*Follett's Illinois Book & Supply Store, Inc. v. Isaacs* (1963), 27 Ill.2d 600, 190 N.E.2d 324; *Trice v. Chicago Housing Authority*, 14 Ill.App.3d at 97), we must determine if plaintiff's complaint sets forth a cause of action. Before reaching the circuit court's reliance on *Trice*, we must consider the alleged relationship of the parties on the face of the complaint. None is alleged.

Plaintiff alleged no facts which impose a duty on defendant to protect the plaintiff from the alleged injury. Plaintiff merely alleged defendant owned, operated, maintained and controlled the premises on which plaintiff was injured. No facts were alleged showing what relationship, if any, plaintiff had to defendant. One might assume plaintiff was a trespasser, a tenant or an invitee; but none of these relationships are set forth in the pleadings, and the court is bound to consider only those facts well pleaded. *Klinefelter v. S. J. Groves & Sons Co.* (3rd Dist. 1972), 8 Ill.App.3d 989, 291 N.E.2d 227.

■■■ Under Illinois law a landowner's duty of care varies according to the status of the person on the land, and he owes no duty to keep the land in any particular state or condition to promote the safety of trespassers. (*Kahn v. James Burton Co.* (1955), 5 Ill.2d 614, 126 N.E.2d 836; *Hessler v. Cole* (1st Dist. 1972), 7 Ill.App.3d 902, 289 N.E.2d 204; 28 I.L.P. *Negligence* § 60.) While many legal writers and a few states support the imposition of a duty of reasonable care under all the circumstances on all landowners regardless of a plaintiff's status (*Rowland v. Christian* (1968), 69 Cal.2d 108, 443 P.2d 561, 70 Cal.Rptr. 97; Prosser, Handbook of the Law of Torts § 62 (4th ed. 1971)), Illinois has not accepted this view. (*Hessler v. Cole*, 7 Ill.App.3d 902, 905.) Therefore, in Illinois, unless plaintiff alleges some relationship which imposes a duty on the defendant landowner, there is none. Since no facts giving rise to a duty between the parties were alleged in this complaint, the case was properly dismissed for failing to state a cause of action.

This court does not reach the issue involved in the case cited by the circuit court, *Trice v. Chicago Housing Authority* (1st Dist. 1973), 14 Ill.App.3d 97, 302 N.E.2d 207. That case dealt with a situation in which

the landlord-tenant relationship was well pleaded, but in which no cases were cited supporting the argument that this relationship is a special relationship similar to that in *Neering v. Illinois Central Railroad Co.* (1943), 383 Ill. 366, 50 N.E.2d 497. (*Trice*, 14 Ill.App.3d 97, 99.) While Illinois has considered imposing a duty of care on the landlord for reasonable protection of his tenants (see *Mims v. New York Life Insurance Co.* (1st Dist. 1971), 133 Ill.App.2d 283, 273 N.E.2d 186), that case is not before us, since no landlord-tenant relationship has been alleged.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.