LILLIAN WALTON, Plaintiff-Appellant, *v.* ESTELLE NORPHLETT, Defendant-Appellee.

First District (4th Division)   No. 77-77

Opinion filed December 22, 1977.

LINN, J., specially concurring.

Rotman, Medansky & Elovitz, Ltd., of Chicago (Louis S. Elovitz and Adrienne J. Hersh, of counsel), for appellant.

Dent, Hampton & McNeela, of Chicago (Roger C. Goble, of counsel), for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial court granted defendant's motion for summary judgment. The plaintiff appeals.

The sole issue presented for review is whether this court should overturn over 100 years of well-settled Illinois law and rule a homeowner owes a duty to a licensee who enters upon his property, said duty being to make the property safe.

The facts of the case are undisputed. The defendant, Estelle Norphlett, invited the plaintiff, Lillian Walton, to her home for dinner. The plaintiff, while leaving the home of the defendant, slipped on a portion of the concrete stairs which was broken, fell and injured herself.

The plaintiff argues it is time for the courts of Illinois to make a

homeowner liable for acts of ordinary negligence. The plaintiff concedes the law in Illinois now makes the occupier of land liable only for willful and wanton negligence to one who enters upon his land, as a licensee. While this court finds itself in sympathy with this contention of the plaintiff, it is not for this court to reverse the many cases and opinions of the Illinois Supreme Court. The cases cited by the defendant, *Sims v. Sneed* (1969), 118 Ill. App. 2d 294, *Belden Manufacturing Co. v. Chicago Threaded Fasteners, Inc.* (1967), 84 Ill. App. 2d 336, correctly point out the duty of the Appellate Court of Illinois is not to modify rules of law enunciated by our supreme court, but to follow them. What the plaintiff asks this court to do is not within the power of this court.

As both sides correctly state in their briefs, the law in Illinois is the occupier of land is only liable for willful and wanton misconduct towards a licensee. Both sides agree there was no willful and wanton misconduct in the instant case. Following the rule of law long established in Illinois and recently enunciated again by the supreme court in *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, we must affirm the decision of the trial court.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, J., concurs.

Mr. JUSTICE LINN, specially concurring.

I must agree with the decision reached by the majority. It is in conformance with traditional negligence principles governing the duty of an owner or occupier to persons coming onto the land. There is, however, merit in the plaintiff's challenge that the time has come for the courts to re-evaluate the application of the arbitrary categories of trespasser, licensee and invitee, to determine the liability of a landowner for injuries to persons who have entered upon the land.

The rules regarding the liability of a possessor of land are a departure from the fundamental rule that a person is liable for his own carelessness. It has been suggested that the special privileges and immunities accorded the occupier of land arose from the social and economic importance that land ownership has held in English and American history. (2 Harper and James, The Law of Torts §27.1, at 1432 (1956).) Formulated during the 19th century, the traditional approach categorizes persons entering the land as trespassers, licensees and invitees, and graduates accordingly the duties owed by the land occupier. *Sweeny v. Old Colony & Newport R.R. Co.* (1865), 92 Mass. (10 Allen) 368.

The common law distinctions among trespasser, licensee and invitee have become unworkable in a modern industrialized society where individual and economic relationships are no longer based on feudalistic notions. Thus, the landowner's immunities have begun to give way to the overriding social view that where there is foreseeability of substantial harm, a landowner, as well as other members of society, should be subjected to a reasonable duty of care to avoid it.

In an effort to obtain justice within the framework of the rigid three-category approach, modern courts have carved out of the common law classifications, a series of exceptions and exceptions to the exceptions. It has been suggested that the confused state of the law is not due to the difficulty in applying the original common law rules, "but is due to the attempts to apply just rules in our modern society within the ancient terminology." (*Rowland v. Christian* (1968), 69 Cal. 2d 108, 117, 443 P. 2d 561, 567, 70 Cal. Rptr. 97, 103.) Members of our own supreme court have noted that the law of Illinois has not escaped this confusion. *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282 (dissenting opinion filed on the denial of petition for rehearing, April 1, 1977).

A trespasser is one who comes upon the land without invitation or permission, and merely for his own pleasure or to gratify his curiosity. (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 343 N.E.2d 261; 62 Am. Jur. 2d *Premises Liability* §55, at 297 (1972).) To a trespasser, the owner owes only a duty not to willfully and wantonly injure him and is under no duty to keep the premises in any particular state to promote safety. (*Hessler v. Cole* (1972), 7 Ill. App. 3d 902, 289 N.E.2d 204; *Gartley v. Chicago Housing Authority* (1975), 28 Ill. App. 3d 705, 329 N.E.2d 252.) However, if the owner discovers the trespasser in a place of danger, he must use ordinary care to avoid injury to him. *Briney v. Illinois Central R.R.Co.* (1948), 401 Ill. 181, 81 N.E.2d 866.

An exception exists where the owner knows, or should know, that young children may frequent the property on which a dangerous condition exists and which is likely to cause injury. In such cases the occupier must exercise due care to remedy the condition or to otherwise protect the trespassing child from harm. (*Wagner v. Kepler* (1951), 411 Ill. 368, 1043 N.E.2d 231.) Although the attractive nuisance doctrine has been abandoned, the law requires an owner or occupier to exercise ordinary care towards children whom he knows, or should know, are likely to trespass. *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836.

The licensee is a person who enters the premises of another by permission for his own purpose and not in connection with the business of the owner. (*Pauckner v. Wakem* (1907), 231 Ill. 276, 83 N.E. 202.) The owner owes the licensee a duty only to refrain from willful and wanton conduct (*Ellguth v. Blackstone Hotel, Inc.* (1951), 408 Ill. 343, 97 N.E.2d

290), and to refrain from affirmative acts which are injurious to him (*Joseph v. Philip Henrici Co.* (1907), 137 Ill. App. 171; *Moore v. Ohio Oil Co.* (1926), 241 Ill. App. 388; *Kay v. Ludwick* (1967), 87 Ill. App. 2d 114, 230 N.E.2d 494). The licensee must take the premises as he finds them; however, the owner must not fail in his duty to warn of traps, concealed defects or conditions which create a new danger of which the licensee has no knowledge. (*Snow v. Judy* (1968), 96 Ill. App. 420, 239 N.E.2d 327; *Seipp v. Chicago Transit Authority* (1973), 12 Ill. App. 3d 852, 299 N.E.2d 330.) Failure to warn of hidden dangers constitutes willful and wanton misconduct. *Schoen v. Harris* (1969), 108 Ill. App. 2d 186, 246 N.E.2d 849; *Hessler v. Cole* (1972), 7 Ill. App. 3d 902, 289 N.E.2d 204.

A social guest, as in the case before us, although he be on the premises at the invitation of the owner, has no greater rights than a mere licensee. (*Biggs v. Bear* (1943), 320 Ill. App. 597, 51 N.E.2d 799.) In an effort to prevent the harsh application of this rule, the courts have strained to find some possible pecuniary relationship that will push a licensee or social guest into the protection of the invitee category. (Compare *Madrazo v. Michaels* (1971), 1 Ill. App. 3d 583, 274 N.E.2d 635, with *Kapka v. Urbaszewski* (1964), 47 Ill. App. 2d 321, 198 N.E.2d 569.) Other jurisdictions have abolished the social guest classification and hold the occupier to the duty of ordinary care. See, for example, *Alexander v. General Accident, Fire & Life Assurance Corp.* (La. App. 1957), 98 So. 2d 730; *Foster v. LaPlante* (Me. 1968), 244 A.2d 803; *Telak v. Maszczenski* (1966), 248 Md. 476, 237 A.2d 434; *Beatty v. Dixon* (Okla. 1965), 408 P.2d 339.

A public servant who confers some economic or other benefit on the landowner has also found refuge in the invitee category. In *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881, the Illinois Supreme Court determined that firemen were no longer to be regarded strictly as licensees, as had previously been the law in Illinois. A landowner is now held liable for failure to exercise reasonable care to maintain his property which results in the injury or death of a fireman rightfully on the premises (20 Ill. 2d 406, 416-17, 170 N.E.2d 881, 886); but he is not liable for negligence in causing the fire (*Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282).

The definition of invitee, having been expanded to encompass these exceptions, includes one who comes on the premises at the owner's request, either express or implied, to transact business in which he and the owner have a mutual interest, or in furtherance of the owner's business or an activity which the owner conducts or permits on the premises. *Madrazo v. Michaels* (1971), 1 Ill. App. 3d 583, 587, 274 N.E.2d 635.

To an invitee the occupier owes the duty to use reasonable care for his safety. (*Pauckner v. Wakem* (1907), 231 Ill. 276, 83 N.E. 202; *Geraghty v.*

*Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47.) The owner of the premises must use reasonable care and caution to maintain the premises in a reasonably safe condition. *Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47; *Dunlap v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 628, 327 N.E.2d 16.

The traditional approach is thus premised on the legal status accorded an individual by virtue of his purpose for entering upon the land. As legal scholars have observed, status is an artificial standard for measuring liability. "A man's life or limb does not become less worthy of protection by the law nor a loss less worthy of compensation under the law because he has come upon the land of another without permission or with permission but without a business purpose." (*Rowland v. Christian* (1968), 69 Cal. 2d 108, 118, 443 P.2d 561, 568, 70 Cal. Rptr. 97, 104.) Reasonable men do not generally vary their conduct in accordance with artificial legal classifications. "The legal cloak under which a person comes does not fashion a veil of unforeseeability, hiding the eye of vigilance from what human considerations compel it to see." Comment, *The Outmoded Distinction Between Licensees and Invitees*, 22 Mo. L. Rev. 186, 191 (1957).

The dissatisfaction with the rigid traditional approach led to the adoption in England, in 1957, of a statute which eliminates the distinction between licensee and invitee (Occupiers' Liability Act, 5 & 6 Eliz. II, c. 31, 55 20th Cent. Stat. 832). The Act declared the occupier's common duty of care to all lawful visitors (thus excluding trespassers) upon his land.

The United States Supreme Court took the first step towards eliminating the common law classifications in this country by refusing to adopt this "semantic morass" for the law of admiralty. *Kermarec v. Compagnie Generale Transatlantique* (1959), 358 U.S. 625, 631, 3 L. Ed. 2d 550, 555, 79 S. Ct. 406, 410.

Following the lead of the United States Supreme Court, California abolished the distinctions among trespasser, licensee and invitee in *Rowland v. Christian* (1968), 69 Cal. 2d 108, 443 P.2d 561, 70 Cal. Rptr. 97. In the well-reasoned opinion the court declared:

> "The factors which may in particular cases warrant departure from this fundamental principle do not warrant the wholesale immunities resulting from the common law classifications, and we are satisfied that continued adherence to the common law distinctions can only lead to injustice or, if we are to avoid injustice, further fictions with the resulting complexity and confusion. We decline to follow and perpetuate such rigid classifications." 69 Cal. 2d 108, 119, 443 P.2d 561, 568, 70 Cal. Rptr. 97, 104.

Numerous other courts have adopted the logic of the *Rowland*

decision. Those jurisdictions following the trend towards abolishing the categorical approach include: Hawaii in 1969 (*Pickard v. City and County of Honolulu* (1969), 51 Haw. 134, 452 P.2d 445); Colorado in 1971 (*Mile High Fence Co. v. Radovich* (1971), 175 Colo. 537, 489 P.2d 308); the United States Court of Appeals for the District of Columbia in 1972 (*Smith v. Arbaugh's Restaurant, Inc.* (D.C. Cir. 1972), 469 F.2d 97); Rhode Island in 1975 (*Mariorenzi v. DiPonte, Inc.* (1975), 114 R.I. 294, 333 A.2d 127); New Hampshire in 1976 (*Ouellette v. Blanchard* (1976), 116 N.H. 552, 364 A.2d 631); and New York in 1976 (*Basso v. Miller* (1976), 40 N.Y.2d 233, 386 N.Y.S.2d 564, 352 N.E.2d 868).

Although Illinois has not yet joined the ranks of the jurisdictions abrogating the common law classifications (*Hessler v. Cole* (1972), 7 Ill. App. 3d 902, 289 N.E.2d 204), members of our supreme court have argued in favor of the doctrine's demise. Mr. Justice Dooley, writing for the dissent in *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 118, 361 N.E.2d 282, 289-90, stated:

> "We believe that the labels of trespasser, licensee, social guest, and invitee should be abolished. The duty of the occupier to all persons who come upon his property should be that of reasonable care under the circumstances, with foreseeability the measure of liability. This standard of reasonable care is the same as that applied in all negligence cases in this jurisdiction."

I agree. The existence of overwhelming authority in favor of abandoning the traditional approach cannot be ignored. The true test of a possessor's liability should be based on foreseeability of harm to others without regard to the classifications of trespasser, licensee or invitee. In the face of inaction by the legislature the responsibility for updating the concept of landowner's liability rests with the highest court of this State. As was recently stated by our supreme court in abolishing the rule against contribution between tortfeasors: "Where this court has created a rule or doctrine which, under present conditions, we consider unsound and unjust, we have not only the power, but the duty, to modify or abolish it." *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 13, 14, 374 N.E.2d 437.

The Illinois Supreme Court has repeatedly held, "the doctrine of *stare decisis* is not an inflexible rule requiring this court to blindly follow precedents and adhere to prior decisions, and that when it appears that public policy and social needs require a departure from prior decisions, it is our duty as a court of last resort to overrule those decisions and establish a rule consonant with our present day concepts of right and justice." (*Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 26, 163 N.E.2d 89, 96.) See *Amann v. Faidy* (1953), 415 Ill. 422, 114 N.E.2d 412; *Bradley v. Fox* (1955), 7 Ill. 2d 106, 111, 129 N.E.2d 699;

*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 615, 131 N.E.2d 525; *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 367 N.E.2d 1250.

This area of the law is ripe for change. It remains for the judiciary to abandon outmoded theories of liability and to bring the law into focus with modern social mores and humanitarian values. In the final analysis, the law, to remain an instrument of justice, must be functional and responsive to societal needs.