GUY R. FRANZESE, Adm'r of the Estate of John M. Franzese, Deceased, Plaintiff-Appellant, *v.* STEVEN KATZ, Defendant-Appellee.—DANIEL J. MAJKA, Plaintiff-Appellant, *v.* PATRICIA LORDEN, Defendant-Appellee.— ROBERT PODESTA, Adm'r of the Estates of Lillian M. Schifferl *et al.*, Deceased, Plaintiff-Appellant, *v.* JOSEPHINE LATINO *et al.*, Defendants-Appellees.— JAMES ALVIS *et al.*, Plaintiffs-Appellants, *v.* JAMES RIBAR *et al.*, Defendants-Appellees.

First District (1st Division)    Nos. 79-746, 79-747, 79-1096, 79-1097 cons.

Opinion filed November 26, 1979.

John Bernard Cashion, of Chicago, for appellants.

Jacobs, Williams and Montgomery, of Chicago, for appellee Steven Katz.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Reference is made to an order of this court dated November 13, 1979, consolidating the above appeals and providing that the briefs for plaintiffs filed in cases Nos. 79-746, 79-1096 and 79-1097 shall stand and be considered as the brief for the plaintiff in case No. 79-747. In addition, the motion of defendant, Steven Katz, for summary affirmance of the judgment order appealed from, filed in appeal No. 79-746 on October 18, 1979, shall stand and be considered as the brief in behalf of all defendants in the consolidated cases. It will not be necessary to set forth the facts in each case as the identical question of comparative negligence is involved in all cases.

In cases Nos. 79-746, 79-1096 and 79-1097, plaintiffs have presented the sole issue, "[W]hether Illinois should adopt a comparative negligence system of jurisprudence."

In 79-747, the same issue has been presented by the consolidation of said cases, and all plaintiffs are represented by the same attorney.

In case No. 79-746, defendant filed a motion for summary affirmance of the order of the circuit court of Cook County dismissing Count II of the complaint for failure to state a cause of action. Defendant's motion, *inter alia*, stated:

"1. That on Page 8 of the Plaintiff-Appellant's brief, it is stated that 'the thesis of this Brief is that contributory negligence should no longer be enforced as a common law doctrine which operates as an absolute bar to recovery of damages. This is a matter oriented not to issues of law but rather oriented to jurisprudence, namely, what our system of Illinois law should be.'

2. That on Page 9 of the Plaintiff-Appellant's brief, it is stated that the Illinois General Assembly has failed to pass legislation enacting comparative negligence as the law of this jurisdiction and then states that there is 'no probability nor even a solid hint of promise that the legislature will enact a comparative negligence statute in the foreseeable future' despite the fact that 'almost 12 years' have passed since the decision of the Illinois Supreme Court in *Maki vs. Frelk*, 40 Ill. 2nd 193, 239 N.E.2d 445 (1968) refused to substitute

the doctrine of comparative negligence for that of contributory negligence as the law of Illinois;

3. That Plaintiff-Appellant's brief asks this Court to substitute itself for both the legislature and the Supreme Court in adopting the doctrine of comparative negligence where the legislature and Supreme Court have refused to do so."

Plaintiff in case No. 79-746 has filed a response to said motion for summary affirmance stating that "there are three appeals pending in the Illinois Appellate Court, First District, which involve precisely the same issue of comparative negligence and this issue only," and plaintiff does not oppose defendant's motion if the court deems such affirmance in the best interests of justice.

Defendant has cited *Maki v. Frelk* (1968), 40 Ill. 2d 193, 239 N.E.2d 445, wherein the supreme court reversed the appellate court ruling on the question of comparative negligence and held that:

"After full consideration we think, however, that such a far-reaching change, if desirable, should be made by the legislature rather than by the court. The General Assembly is the department of government to which the constitution has entrusted the power of changing the laws." 40 Ill. 2d 193, 196.

The *Maki* decision is still the controlling law and it is sufficient for our purpose to hold that while this court may find itself in sympathy with plaintiffs' contention, it is not for this court to attempt to reverse the many cases and opinions of the Illinois Supreme Court in this area. (*People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46; *Mentesana v. LaFranco* (1979), 73 Ill. App. 3d 204, 391 N.E.2d 416; *Walton v. Norphlett* (1977), 56 Ill. App. 3d 4, 371 N.E.2d 978.) Relief for plaintiffs, if any, must still be addressed to the General Assembly for attention.

Plaintiffs have also filed a motion for a Certificate of Importance under Rule 316. (Ill. Rev. Stat. 1977, ch. 110A, par. 316.) That motion is denied. The Supreme Court of Illinois will decide if further review of the issues herein is necessary.

Accordingly, the judgments dismissing each of the causes of action in the respective counts of the consolidated cases are affirmed.

The judgments appealed from are accordingly affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.